# MONTGOMERY AND WETUMPKA PLANK-ROAD COMPANY *vs.* WEBB.

[TRIAL OF THE RIGHT OF PROPERTY IN CERTAIN PERSONAL CHATTELS.]

1. *Stockholder in private corporation not competent witness for it.*—The members or stockholders in a corporation, created for private emolument, are not competent witnesses for the company ; and where the charter provides that the directors "shall be owners of stock", proof that the witness is a director, unexplained and uncontradicted by other evidence, is sufficient to exclude him.

2. *When interested witness may prove his own competency.*—If the interest of a witness appears from his own testimony, he may testify to facts which will remove the objection; *aliter,* when his interest is otherwise shown.

3. *Construction of admission on application for continuance.*—Where an application is made for a continuance on account of the absence of a material witness, and the adverse party admits that the witness, if present in court, would swear to the facts stated in the affidavit, this is neither an admission that the facts stated are true, nor that the witness is competent to testify.

4. *Presumption that continuous fact, once proved, still exists.*—Where a witness is shown to have been a stockholder in an incorporated company three years before the trial, it will be presumed that he continued to be a stockholder at the time of the trial.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. NAT. COOK.

THIS was a trial of the right of property in several yokes of oxen, a large quantity of lumber, and other articles of personal property, on which an attachment had been levied at the suit of Fortunatus S. Webb against Church & Skinner, and a claim interposed under the statute by the appellant. When the cause came on for trial, and after the plaintiff had announced himself ready, the claimant applied for a continuance on account of the absence of a material witness, and in support of the application submitted the affidavit of L. B. Moody, who swore " that Joseph S. Winter is a material witness for the claimant, has no interest in the result of this case, has been subpœnaed and does not attend, and is not absent by the procurement or consent of claimant"; and then stated the material facts which said witness, if present, would prove.

" The plaintiff admitted, that said witness, if he was in court, would swear to the facts set forth in said affidavit. Plaintiff also proved, that said witness, in the spring of the year 1850, was a member of the board of directors of said company. Plaintiff objected to the claimant's reading said affidavit to the jury as evidence, because of the interest of said witness in the result of this suit; which objection the court sustained, and ruled out said testimony." The claimant excepted to this ruling of the court, and now assigns it for error.

NAT. HARRIS, for the appellant, contended,—

1. That the admission made by the plaintiff below, under the 16th rule of practice (Code, p. 715), was an admission that the facts stated in the affidavit were absolutely true. The language of the rule ("If the adverse party will admit *what*, it is so alleged, such absent witness will swear," &c.) admits of no other construction; and it was obviously intended that the party applying for a continuance should have the benefit of the facts which he desired to prove,—a benefit of which he would be entirely deprived, if he could be forced into a trial, while his adversary had the right to prove that the facts stated in the affidavit were not true, or that his witness was not worthy of credit.

2. One of the facts stated in the affidavit was, that Winter, if present in court, would swear that he had no interest in the result of the suit. If the witness had personally sworn to this fact, his testimony could not have been excluded.— Dent v. Portwood, 17 Ala. 245.

3. The evidence was not sufficient to raise a presumption that the witness was interested.—Cleland v. Huie, 18 Ala. 346.

ELMORE & YANCEY, *contra*, insisted, 1st, that as the evidence showed that Winter was a director (and therefore a stockholder) in the spring of 1850, the presumption was that he was a stockholder at the time of the trial; and, 2dly, that a stockholder is not a competent witness for a private corporation. They cited, to the first point, 1 Greenl. Ev. § 41; and to the second, *ib.* § 333.

RICE, J.—The members, or stockholders, in a corporation

created for private emolument, are not admissible as witnesses for the corporation.—1 Greenl. Ev. § 333.

The 5th section of the charter of appellant provides, that the directors "shall be owners of stock."—Pamph. Acts of 1849–50, p. 244, § 5. The proof, then, that Joseph S. Winter was a director of appellant in the spring of 1850, unexplained and uncontradicted by any other evidence, was proof that he was a stockholder.

If this proof had been made by the testimony of Joseph S. Winter himself, then the other part of his testimony, showing that at the trial, in the spring of 1853, he had no interest in the result of this case, should have been considered by the court, and held sufficient to admit him as a witness. But, as the proof of his interest was made in another way, and came from a competent source, it is clear that he could not by his own testimony remove the objection to him as an interested witness, nor qualify himself to testify for the appellant.— Herndon v. Givens, 19 Ala. 313.

The plaintiff admitted only, that if Joseph S. Winter was in court, *he would swear* to the facts as set forth in the affidavit of Moody. This was neither an admission that the facts as therein set forth were true, nor that Joseph S. Winter was a competent witness to testify either to the court or the jury.

There was competent evidence, showing that Joseph S. Winter was a director and stockholder, and therefore interested. There was no competent evidence to the contrary, unless the lapse of time between the spring of 1850 and the spring of 1853 furnished ground for presuming that he had ceased to be a stockholder. This lapse of time did not furnish ground for any such presumption. On the contrary, as he was proved to be a stockholder in the spring of 1850, the presumption is that he continued to be a stockholder at the trial in the spring of 1853.—1 Greenl. Ev. §§ 41, 42; Garner v. Elliott, 8 Ala. 96.

Judgment affirmed.