# Jacoby *v.* Goetter, Weil & Co.

*Creditor's Bill in Equity, to set aside Fraudulent Sale of Goods; also, for Receiver, and Injunction.*

1. *Motion to dissolve injunction; defects in affidavit to bill.*—An injunction will not be dissolved, on motion, on account of defects in the affidavit to the bill, unless the complainant fails, when required, to verify the bill by a sufficient affidavit.

2. *Same; by defendant in contempt.*—When a defendant is in contempt, for the violation of an injunction, he can not be heard on a motion to dissolve the injunction, until he has purged the contempt.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by Goetter, Weil & Co., a mercantile partnership doing business in the city of Montgomery, against M. H. Jacoby and Mark Weis; and sought to set aside, on the ground of fraud, a sale of a stock of goods by said Jacoby to said Weis. The complainants were creditors of said Jacoby, for the price of goods sold and delivered, for which they held his several promissory notes, dated May 6th, 1882, and payable in July, August, October, November, and December next after date; and they alleged that, on the 13th November, he sold his entire stock of goods, on a simulated consideration. for the purpose of hindering and defrauding his creditors, to said Mark Weis, who had knowledge of his fraudulent intention, and participated in it. The bill prayed that the sale might be declared fraudulent and void, as against the

[Jacoby v. Goetter, Weil & Co.]

complainants, and the stock of goods subjected to the payment of their debt ; and that a receiver might be appointed to take charge of the goods, and to dispose of them under the order of the court. By an amendment of the bill, which purports to have been filed by leave of the court, an injunction was prayed, to restrain the defendants, or either of them, from disposing of any of the goods. The affidavit to the bill was made by one of the complainant's solicitors, and was made before the chancellor himself in vacation, on the motion for an injunction ; but the record does not show when the bill was filed, when the amendment was allowed, or when the affidavit was made. An answer was filed by each of the defendants, under oath (though oath was waived), denying the charges and allegations of fraud, and alleging that the sale was made in good faith, and on an adequate consideration ; and they afterwards submitted a motion to dissolve the injunction, for want of equity in the bill, on account of the insufficiency of the affidavit, and on the denials of the answer. This motion was heard before the chancellor in' vacation, and was by him overruled ; and his decree overruling it is now assigned as error.

STALLWORTH & BURNETT, and JNO. GAMBLE, for appellants. The affidavit to the bill was substantially defective, being made on information and belief only, and not by one of the complainants in person.—*Railroad Co. v. Huse*, 5 W. Va. 579 ; *Pullen v. Baker*, 41 Texas, 419 ; *Smith v. Insurance Co.*, 2 Tenn. Ch. 631. On the hearing of the motion to dissolve, the chancellor had no right to look at anything outside of the bill and answer (Code, § 3879 ; *Barnard v. Davis*, 54 Ala. 565); and since the decree does not show that he acted on the complainants' suggestion, it is to be presumed that he did not consider it. On the full and positive denials of the answer, the injunction ought to have been dissolved.—*Saunders v. Cavett*, 38 Ala. 51 ; *Brooks v. Diaz & Co.*, 35 Ala. 599 ; *Mallory v. Matlock*, 10 Ala. 595 ; *Long v. Brown*, 4 Ala. 622 ; *Williams v. Berry*, 3 Stew. & P. 284.

FARNHAM & ROBB, contra.—The appellants had no right to be heard, on a motion to dissolve the injunction, while they were in contempt. If the facts were true, on which the motion to dissolve was based, the appellants mistook their remedy. *Jones v. Ewing*, 56 Ala. 360.

STONE, J.—This cause was submitted on briefs near the close of the last term, and we were not informed it was a preferred case. Had we been so informed, it would have been

[Jacoby v. Goetter, Weil & Co.]

decided during that term, in obedience to the statute.—Code of 1876, § 3922.

The present appeal is from an interlocutory decree of the chancellor, refusing to dissolve the injunction, which was moved for on several enumerated grounds. First, want of equity in the bill. There can be no question that the bill contains equity.—Code of 1876, §§ 3846–7. Second, because the affidavit to the bill is insufficient. This is no ground for dissolving an injunction, unless the complainant, upon being ruled thereto, fails to verify his bill by a sufficient affidavit.—*Jones v. Ewing*, 56 Ala. 360.

The third ground urged for dissolving the injunction is, that the answers deny every material averment of fact, on which the equity of the bill is made to rest. Against this, it was urged by complainant, that defendant Weis was in contempt by violating the injunction, and therefore could not be heard on his motion to dissolve, until he purged himself of the imputed contempt. Such is undoubtedly the law, if the facts exist as alleged.—1 Danl. Ch. Pr. 504–5 ; *Ib.* 806 ; 2 *Ib.* 1683. The papers showing the alleged contempt are not found in this record. The chancellor, in his decree refusing to dissolve, employs this language : " The complainants, in opposition to such motion, suggested that the moveants are in contempt of the court, and offer the papers on file in the cause, showing the affidavit before the register, the order of the register, the writ of attachment issued by the register, and the indorsement thereon, tending to show that they have disobeyed the injunction which they now move to dissolve." The proper construction of this language is, that the papers on file showed the affidavit made before the register, the order of the register thereon, the writ of attachment [for contempt] issued, and the indorsement thereon, we infer, of the sheriff's return. This, at least, shows a *prima facie* case of contempt, and disabled the moveants to have a hearing on their motion to dissolve, based on the denials in the answer.

If the papers on file did not show what the chancellor recites they did, they should have been incorporated in the record, to enable us to pass on their sufficiency.—*Tillman v. Spann*, 68 Ala. 102.

The decree of the chancellor is affirmed.