# Winter v. Elmore.

*Application for Mandamus to Register in Chancery.*

1. *Perpetuating testimony.*—The statutory provisions authorizing and regulating proceedings to perpetuate the testimony of witnesses (Code, §§ 2823-31), do not include or apply to the parties to an expected suit. (STONE, C. J. dissenting.)

APPEAL from the City Court of Montgomery.
Heard before Hon. THOS. M. ARRINGTON, at Chambers.

The appellant in this case, Joseph S. Winter, applied to V. M. Elmore, register in chancery at Montgomery, by petition under oath, for an order to take and perpetuate the testimony of I. Pollak and others, as adverse parties to an expected suit; and his application being refused, he applied by petition to Judge Arrington for a *mandamus.* His petition was dismissed on the hearing, and this appeal is taken from the order dismissing it.

MARKS & MASSIE, for appellant.

ROQUEMORE. WHITE & McKENZIE, JONES & FALKNER, and A. A. WILEY, *contra.*

SOMERVILLE, J.—The statute provides proceedings for the perpetuation of the testimony of witnesses, which provisions are contained in sections 2823–2831 of the present Code (1886). It is declared in section 2823 that: "The testimony of a *witness* may be taken conditionally, and perpetuated as provided in this article." It is made applicable alike to suits actually pending, and to those anticipated, both at law and in equity.—§ 2824.

The inquiry raised is, whether the word "witness" is here to be construed to include a party.

The statute was intended, in our judgment, to apply only to witnesses who are not parties. So far as its letter is con-

[Winter v. Elmore.]

cerned, this is manifest from a most casual inspection of it. The whole article of nine sections is preserved in the exact phraseology in which it appeared in the Code of 1852. Code, 1852, §§ 2337–2348. At that time, parties were not competent witnesses, and were clearly excluded both by the letter and spirit of the then existing law. Now, as then, the statute refers, no less than three several times, to the "adverse party," or "expected adverse party," as a person distinct and separate from the witness whose deposition is allowed to be perpetuated; and *as* "a party," provision is made for giving him notice of the proceeding, by serving on him, if resident in this State, a copy of the application, and notice of the time and place of such examination; and, if a non-resident, it provides for notice to him by publication. It is manifest that this statute, like similar ones in other States, was intended as a simple and inexpensive substitute for suits in equity, both to perpetuate testimony, and to take depositions *de bene esse.* The former proceeding was allowed to be instituted only by an expected party to a suit, who had no present, immediate right of action, and who, (1) either being in possession of property, expects some future aggression upon his enjoyment, or else, (2) being out of possession, without a present right of action, designs to commence proceedings at law when his right shall accrue. The *latter* was authorized only where the complainant had an existing cause of action or defense, and was party to an action at law then pending, but not at issue, and desired to examine the only surviving witness who is aged, or sick, or about to leave the jurisdiction, or other analogous reason, to prevent the evidence being lost.—1 Pom, Eq. Jur., §§ 211, 213; 1 Greenl. Ev., § 325; Adams' Eq. *23–25.

If any facts were within the knowledge of a *party,* or documentary evidence was in his possession, a bill of discovery was the only mode provided for securing his admissions. These two classes, or branches of equity jurisdiction, are clearly and succinctly distinguished by Mr. Pomeroy. "The first," he says, "contains the modes by which the *parties themselves* are compelled to disclose facts and produce documents, and thus to furnish the evidence, needed by their adversaries; while the *second* contains the modes by which evidence of *witnesses generally* is procured and preserved, under particular circumstances, for which the common law made no provision."—1 Pom. Eq. Jur. § 190.

The Code provides a statutory mode of examining by in-

[Daniel v. Hardwick.]

terrogatories parties to pending suits, but not parties to anticipated suits.—Code, 1886, §§ 2816–2822.

In bills of discovery many difficulties and complicated questions often arise, not easy to be solved except by a court of chancery. This may have been a sufficient reason for not embracing a party, or expected party, within the provisions of the statute relating to the perpetuation of the testimony of witnesses, although a party is now a competent witness, except as to certain transactions with deceased persons. It is easy to show that the contrary practice of allowing parties to be harrassed with experimental fishing-bills, could be made the instrument of much annoyance, if not oppression, by its perversion to improper uses.

It is our opinion, that the judge of the City Court committed no error in refusing the writ of *mandamus* to the register, seeking to compel him to proceed with the examination of Pollak and other expected parties to a suit anticipated by the appellant.

Affirmed.

STONE, C. J., dissenting.