# State of Alabama *ex rel.* Scott *v.* Waller, Sheriff, Etc.

## *Application for Mandamus.*

1. *Mandamus; assignee of decree can not compel the issuance of restraining order to sheriff out of another court than the one rendering the decree.*—Where, after the levy of an execution issued upon a decree rendered by a chancery court, the complainant is said suit assigns the decree, and upon the request of the assignee to release the levy of said execution, the sheriff refuses to do so, the assignee of such decree can not, by filing a petition for *mandamus* in another court, obtain a writ commanding the sheriff to release said levy and restraining him from selling or attempting to sell the property levied upon.

APPEAL from the City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

The facts of this case are sufficiently shown in the opinion. The demurrer which was filed to the petition assigned substantially the following grounds: 1. Said petition and rule show that the relator has another and adequate remedy at law. 2. Said petition and rule fail to show that relator has any specific right. 3. Said petition and rule show that if any injury is done by the enforcement of the execution in controversy, it will be to the respondent in the decree, and not to the relator. 4. Said petition and rule show that the rights of a third party who can not be made a party to the proceeding will be decided without an opportunity of being heard. 5. Said petition and rule show that the grant of a writ of *mandamus* would necessitate the decision collaterally of the rights of a person who is not a party, and who has not the opportunity to be heard. 6. Said petition and rule show that respondents would be required to pass upon the validity of the assignment of the decree in question and still be liable to the true owner if said assignment be invalid.

[State of Alabama *ex rel.* Scott v. Waller, Sheriff, Etc.]

From the judgment of the court sustaining the demurrer and discharging the rule nisi and dismissing the petition, the present appeal is prosecuted and the rendition of said judgment is assigned as error.

GORDON MACDONALD and GEORGE F. MOORE, for petitioner , cited *State ex rel. Snethry v. Turner,* 11 S. E. Rep.; *Texas Mex. R. Co. v. Jarvis,* 15 S. W. Rep. 1089; *Livingston v. McCarthy,* 41 Kan. 478; *Quar. Wo. Cheeng v. Loumister,* 83 Cal. 384; *People v. Adams,* 18 N. Y. 896; *Bolen v. Crosby,* 49 N. Y. 183; *Vila v. Weston,* 33 Conn. 50; *Burns v. Bangert,* 16 Mo. App. 22; *Applegate v. Mason,* 13 Md. 75; *Ullman v. Cline,* 87 Ill. 268; *Horman v. Hope,* 87 N. Y.; *Miller v. Dugan,* 36 Iowa, 433.

WILLIAM C. OATES and HARMON, DENT & WEIL, contra, cited *Ex parte Dubose,* 54 Ala. 278; *Murphy v. Egger,* 59 Ala. 639.

HARALSON, J.—It may be stated generally as true, that when the plaintiff has ceased to have any interest in a judgment or decree of a court in his favor, by reason of his having assigned it to another, his right to control the process has ceased, and the assignee may control the execution.—1 Freeman Ex. p. 61, § 21.

"The invariable test by which the right of a party applying for *mandamus* is determined, is to inquire, first, whether he has a clear legal right; and if he has, then, secondly, whether there is any other adequate remedy to which he can resort to enforce his right."—*Withers v. State,* 36 Ala. 252; *Murphy v. State,* 59 Ala. 640.

It is a well recognized principle, that each court, by virtue of its inherent powers, has control over its processes, such as enables it to act for the prevention of all abuse thereof; and the power to stay proceedings for the purpose of exercising equitable control over the parties or proceedings, to the end that justice may be promoted, is everywhere conceded to be inherent in courts of general jurisdiction.—1 Freeman on Executions, § 32; 20 Ency. Pl. & Pr., 1252.

Again, it seems clear, "that an order to stay proceedings cannot be made, as a general rule, except by the

court where the proceedings or execution remain, and the motion must be made to a court having jurisdiction of the matter."—20 Ency. Pl. & Pr., 1276; Freeman on Ex., § 32.

In this case, as shown by the petition, one Reeves, on the 13th January, 1902, obtained a decree in the chancery court of Montgomery county, against Mary A. Scott as executrix, J. P. Knabe and James Chappel, for $2,735.81; that an execution was issued on said decree in favor of the complainant therein and placed in the hands of the sheriff of Montgomery county, which was levied by him on lands belonging to James Chappel, one of the defendants; that on the 3d February, 1902, after the issuance of said execution and before its return, Gaston Scott, for a valuable consideration, purchased said decree from the complainant, Reeves, and obtained a written assignment of it from her; that thereupon said Gaston Scott presented to said sheriff an order to release the levy of said execution and return the same to the chancery court whence it issued, which the sheriff refused to do.

Thereupon, on the 21st February, 1902, said Gaston Scott presented this petition to the Hon. A. D. SAYRE, judge of the city court of Montgomery, stating the foregoing facts, alleging that petitioner had no legal remedy in the premises save by the writ of *mandamus* from that court, praying for an alternative writ of *mandamus* to issue out of that court directed to W. R. Waller, sheriff of Montgomery county, commanding him to release said levy, and return the execution to the said chancery court of Montgomery, and that, on final hearing, said sheriff "be restrained from selling or attempting to sell said land so levied on under said execution, and that he be ordered to take no steps regarding the enforcement of said execution until the further order of said city court."

The respondent demurred to the petition on many grounds, and moved to dismiss the same. The cause coming on to be heard in said court on the demurrer and motion to dismiss the petition, the demurrer was sustained, the rule *nisi* which had theretofore been granted was discharged, and the petition dismissed. This appeal is to reverse that decree.

We have no difficulty in holding, under the foregoing principles and authorities, that the petitioner had another and adequate remedy;. that he ought to have applied to the chancery court in which the decree was rendered, on which the execution was issued, for an order on the sheriff to release the levy, and return of the execution. It was the province of that court, and not of the city court of Montgomery, if complainant was entitled to any relief, to grant the same upon the proper presentation of a case for relief, and upon the proof thereof. For the city court to interfere to control said execution, in the manner prayed, if not a breach of comity between courts of the character of these two, might lead to complications of jurisdiction of an unfortunate character. The remedy, if complainant was entitled to any, was as open to him in the chancery as in the city court, and he should have resorted to the former and not to the latter court.

It is unnecessary to consider other grounds of demurrer.

Affirmed.