CAROLINA BUGGY MANUFACTURING COMPANY, A COR-
PORATION, *Plaintiff in Error, v.* THEO WILLIAMS *et
al., Defendants in Error.*

## Opinion filed February 15, 1916.

When it is shown that A B. & C were stockholders in a corpora-
tion at a certain date, the presumption that they continued
to be such stockholders for two months is not overthrown by
evidence that some of them eight years thereafter had dis-
posed of their stock.

Writ of Error to Circuit Court, LaFayette County;
M. F. Horne, Judge.

Judgment reversed.

*John F. Harrell, Carter & McCollum* and *John T.
Crawley,* for Plaintiff in Error;

*Hal W. Adams,* for Defendants in Error.

PER CURIAM.—This is an action upon a promissory
note given by a corporation against certain alleged stock-
holders thereof, a partnership liability being claimed be-
cause the statute had not been complied with in regard
to the affidavit by the treasurer as to payment on the stock.
There was judgment for the defendants because the Cir-
cuit Judge who tried the cause without a jury, was of the
opinion that the plaintiff had not proven that these de-
fendants were stockholders when the note was given.   In
this we think he erred.

The plaintiff proved by the president of its corpora-
tion that the book he held in his hands was the only rec-
ord or book that was kept, that the list of names appear-

ing therein, the names of these defendants, is a list of the names of the stockholders of the corporation, but he did not know whether they owned stock when the note was given; some have sold their stock, but he did not know when. There were no other books or minutes of the corporation kept that he knew of. The list of names bear date February 1, 1907, and the note was given about two months thereafter. This testimony was taken eight years thereafter. No objection was interposed to the introduction of the book in evidence, nor was any effort made to impeach its competency, and its evidentiary value was reinforced by the positive testimony of this sole witness in the case.

It would seem clear that there was sufficient prima facie evidence that these defendants were stockholders on the first of February, 1907. This status is presumed to continue for the short interval of time in the absence of some proof to the contrary, and we do not think the broad statement that some have sold stock within a period of eight years is proof that all had sold their stock within the period of two months. Montgomery & Rood Co. v. Webb, 27 Ala. 618.

The plaintiff made out a prima facie case entitling it to relief, and the judgment is reversed.

All concur.