168 So. 216

## BOX v. METROPOLITAN LIFE INS. CO.

### 7 Div. 273.

Supreme Court of Alabama.

Nov. 30, 1934.

See, also, Box v. Metropolitan Life Ins. Co., post, p. 321, 168 So. 217.

Chas. F. Douglass, of Anniston, for petitioner.

**2**

Chas. D. Kline, of Anniston, and Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for respondent.

FOSTER, Justice.

 We cannot agree with the opinion of the Court of Appeals that when the demurrer to the complaint was sustained the case was at an end and that nothing remained in the court.

Such a judgment only disposes of the pleading to which it was addressed. It did not dismiss the suit, and was not appealable. Gibbs v. Southern Express Co., 201 Ala. 506, 78 So. 860. If it were otherwise, there could be no amendment or other proceeding had after demurrer to complaint is sustained. For that can only be done "whilst the cause is in progress." Section 9513, Code.

A judgment sustaining demurrers to the complaint is generally held not such a final adjudication that the court may not at any time before final. judgment reconsider its ruling and enter a contrary one, 49 Corpus Juris 453, note 42, and only justifies a final judgment when plaintiff declines to plead further, McMahen v. Western Union Tel. Co., 209 Ala. 319, 96 So. 265, but is not a termination of the action, 49 Corpus Juris 452, note 11.

If the case is at an end and nothing remained, the plaintiff could not take a nonsuit, as suggested, by authority of section 6431, Code. When it is at an end, it is so only because of a final judgment, and an appeal is available from all final judgments. Section 6078, Code.

The cause was in fieri until the judgment was rendered on the verdict of the jury. Birmingham v. Andrews, 222 Ala. 362, 132 So. 877.

But counsel for appellee contend that the result reached by the Court of Appeals is correct upon the principle that there must be a complaint to support a judgment. That principle is, not questioned when the judgment is for plaintiff. Seymour v. Day, 207 Ala. 60, 91 So. 875.

But when the issues are framed on a plea in abatement, though demurrer to the complaint had been sustained, and those issues are found for defendant resulting in a judgment for defendant, such judgment is not void for that reason, for it is not dependent upon a complaint to give it effect. It is only dependent upon the continued existence of the cause in court.

Moreover, the court could set aside its judgment sustaining the demurrer, and permit the defendant to withdraw the demurrer. When, without formally setting aside such judgment, it permitted defendant to withdraw the demurrer and to plead in abatement, the effect, concurred in by the parties and the court, was that the judgment on the demurrer was vacated, though not so expressed. Under those cir-

cumstances, it is not the right of the defendant to contend that there was no formal order of the court in that respect.

 Our conclusion is that the appeal from the judgment for defendant on the plea in abatement should not be dismissed for the reason assigned, but that it should be considered by the Court of Appeals.

Writ of certiorari granted, judgment of the Court of Appeals reversed, and cause remanded to that court for further consideration.

ANDERSON, C. J., and GARDNER, THOMAS, BOULDIN, BROWN, and KNIGHT, JJ., concur.