22 So.2d 378

### Ex parte CROSS.

### 3 Div. 426.

Supreme Court of Alabama.

April 12, 1945.

Rehearing Denied June 14, 1945.

Hill, Hill, Whiting & Rives and Jack Crenshaw, all of Montgomery, for petitioner.

88

Powell & Hamilton, of Greenville, and Steiner, Crum & Weil, of Montgomery, for respondent.

FOSTER, Justice.

The controversy here relates to an effort by the petitioner, to whom we will refer as plaintiff, to perpetuate the testimony of a witness under sections 491 et seq., Title 7, Code of 1940. Those statutes have remained the same in all our codes, including the first, 1852. Section 492 is as follows:

"The applicant must make affidavit before a circuit or probate judge, or register stating:

"That he is a party or expects to be a party, to a suit, either at law or equity, in a court of this state.

"That the testimony of a witness, whose name and place of residence is stated, is necessary to the prosecution or defense of such suit, and the facts generally expected ·to be proved by the witness.

"If such suit be not actually commenced, the name of the party who is expected to be adverse therein, his residence, and that he is of full age."

Two distinctive principles in connection with it were stated in Winter v. Elmore, 88 Ala. 555, 7 So. 250. One is that it does not authorize such examination of adverse parties to pending or anticipated suits. (Not affected by the case of West v. Cowan, 189 Ala. 138, 66 So. 816.) The other is that it "was intended as a simple and inexpensive substitute for suits in equity, both to perpetuate testimony and to take depositions de bene esse. The former proceeding was allowed to be instituted only by an expected party to a suit who had no present immediate right of action, and when he, (1) either being in possession of property, expects some future aggression upon his enjoyment, or else, (2) being out of possession, without a present right

of action, designs to commence proceedings at law when his right shall accrue. The latter was authorized only where the complainant had an existing cause of action or defense, and was party to an action at law then pending, but not at issue, and desired to examine the only surviving witness, who is aged or sick, or about to leave the jurisdiction, or other analogous reason to prevent the evidence being lost." Winter v. Elmore, supra.

That interpretation of the statute must now be treated as a part of it as though so expressed. It is not a statutory adoption of an equitable proceeding applying it to a court of law. But as a substitute, it is machinery which may be used in lieu of the equitable proceeding. Its terms describe its essential features. Since it includes suits already begun, it is different from the equitable remedy to perpetuate testimony. After a suit is begun, its requirements do not include some disability of the witness, as the equitable remedy to examine de bene esse did, and as required now under the equity rule for such examination. Equity Rule 48, Code 1940, Tit. 7 Appendix.

 Before movant may perpetuate the evidence by the equitable proceeding, if he wanted to use the evidence in a suit which he intended to begin, he was required to allege that because of some peculiar condition, he was unable immediately to do so. 16 Amer.Jur. 702; 26 Corpus Juris Secundum, Depositions, p. 811, sec. 5 a and b, p. 828, note 35. He could not voluntarily delay bringing suit so as to enable him to perpetuate the testimony when he could not do so after he had brought the suit. For after suit was brought he could only pursue the equitable remedy to examine the witness de bene esse, because of some disability of the witness. No showing was necessary as to the disability of the witness to perpetuate his testimony, but it was necessary in order to take it de bene esse. Winter v. Elmore, supra; 16 Amer. Jur. 701, section 7; 26 Corpus Juris Secundum, Depositions, p. 812, § 6.

 But under section 492, supra, it is immaterial whether it is taken before or after suit is brought, as to the matter of his disability. His delay in bringing suit until after the evidence is perpetuated would not benefit him nor prejudice his adversary, as the statute is now expressed. For in neither event is he required when so proceeding to show any disability of the witness. Such evidence cannot be used on the trial if the witness is available and able to testify. Section 497, Title 7, Code 1940.

██ It is clear therefore that if the witness is not a party in fact or in anticipation, his testimony may be taken to perpetuate it under section 492, supra, when the required affidavit is made, whether the suit is pending or not. The name of the party defendant in a suit which is anticipated must be stated, who must of course be another person than the proposed witness. Such proposed plaintiff may not defeat the statute by later making such witness a party defendant. The principle of estoppel would clearly have application. Having examined him as a witness under a statute which does not permit plaintiff to examine him as a party, and then to make him a party would be to permit plaintiff to take antagonistic positions. 8 Ala.Dig. Estoppel 668, § 68, and supplement. We do not intimate that this is intended to be done in the instant case, but it is only observed to consider the argument advanced here that although plaintiff has later brought the suit against the Louisville and Nashville Railroad Company, without making this witness a party, it is still open to him to do so, and thus circumvent the law. So we answer that such a procedure could not be accomplished if attempted. And the fact that suit was begun pending these proceedings is not material to any question now under consideration. Section 492, supra, applies whether the suit is pending or not. Plaintiff has complied literally with section 492, supra.

The Louisville and Nashville Railroad Company, the alleged adverse party, was given notice by publication as provided by section 494, Title 7, Code 1940, because it is a non-resident, being a foreign corporation. It appeared specially and complained before the circuit court, in equity, and made objection to the proceeding being conducted before the register of that court who had made the order to examine the witness, and sought to abate and quash the proceeding on the ground, among others, that although it was a foreign corporation, it had qualified to do business in Alabama, and was engaged in doing such business in Butler County when this proceeding was begun, and had an authorized agent there located on whom notice could be served, as provided in section 188, Title 7, Code 1940. See, also, section 192, Title 7, Code 1940, as

amended, cumulative pocket part (same section); also, section 192, Title 10, Code 1940. The circuit court, in equity, made an order quashing the proceeding and denying the examination. It is that order now sought to be reviewed.

■ It is required by section 494, Title 7, Code 1940, that notice of such application and of the time and place of the examination, and of the names and residences of the witnesses and of the matter about which the examination is to be had, must be given to a non-resident adversary by publication. It is of course true that a foreign corporation is a non-resident. So that the statute, section 493, Title 7, Code 1940, requires personal notice to a resident, and section 494, supra, requires constructive notice to a non-resident. But we do not construe section 494, supra, as requiring constructive notice when actual notice is available and may be given in the forum. We do not understand that constructive notice to a non-resident is sufficient when personal notice in the forum is available and is required as to residents in that sort of proceeding. Ballard v. Hunter, 204 U.S. 241, 27 S.Ct. 261, 51 L.Ed. 461; 40 Corpus Juris 496, section 105, p. 498, section 107; Gill v. Moore, 200 Ala. 511, 521, 522, 76 So. 453. When personal notice in the forum is available, it should be given, and therefore the statute is not discriminatory, and affords procedural due process. The judgment abating and quashing the proceeding cannot be sustained on that ground, but the court should have suspended the examination of the witness until personal notice shall be given to the Louisville and Nashville Railroad Company, since it was available.

■ It is also claimed that the application to the register by plaintiff shows on its face that affiant has no such cause of action available because the affidavit shows that affiant individually expects to be the plaintiff in an action under the homicide statute, which is not permitted, but she can sue under it only as administratrix. We do not think that the contention is sufficient to justify an order quashing the proceeding. If a suit is begun by one as an individual and personally, it may be amended by making it one in a representative capacity. Randolph v. Hubbert, 190 Ala. 610, 67 So. 416; Lucas v. Pittman, 94 Ala. 616, 10 So. 603; Ferrell v. Ross, 200 Ala. 90, 75 So. 466. No more strictness should be required in that respect than is applicable to a pending suit. Such an amendment was made by plaintiff and allowed by the court before quashing the proceeding.

■ The statute (section 492, supra) does not require the examination of the witness to be had in any certain county, or in the county where the suit is pending or will be filed, or where the witness or parties reside. But only that the suit is to be in a court in this State. Since the issuance of the rule nisi, plaintiff as administratrix has sued the Louisville and Nashville railroad Company on the claim in Montgomery County, in which the witness is not made a party, alleging that plaintiff's intestate was killed in Butler County, Alabama, by defendant. Those circumstances do not seem to prevent the examination from being conducted as contemplated in Butler County, though the witness resides in Montgomery County, and the suit is now pending in that county. No question is here presented as to the duty of plaintiff to provide transportation and fees to the witness and other expenses incident to the examination, nor plaintiff's remedy to force the witness to appear for examination if he fails to do so for any reason which he considers sufficient. The witness is not here complaining.

We see nothing in the proposed examination or in the contention as to the invalidity of the law which would justify quashing the order and denying the examination. Though personal notice should be given this adverse party, its absence does not justify quashing the entire proceeding.

The controversy comes to us on a petition by plaintiff for mandamus to the judge of the circuit court of Butler County, requiring him to vacate his order abating and quashing the proceeding before the register of his court to examine the witness. It is contended by petitioner that the judge had no jurisdiction to make the order; that it is void for that reason, and, though it is a final judgment it will not support an appeal.

■ To this we say that we agree that it is a final judgment, but do not agree that the judge was without legal power to enter the court order. It is an order made by the court. It is in form and substance a circuit court judgment in equity. The register is appointed by the judge (section 210, Title 13, Code 1940), and is an officer and subordinate of the court of

which he is register. Section 213, Title 13, Code 1940. All courts have inherent power to supervise and to correct the errors or abuses of their officers and subordinates. 21 Corpus Juris Secundum, Courts, p. 138, § 88, notes 29 and 30; State ex rel. Scott v. Waller, 133 Ala. 199, 32 So. 163. And by statute to control the conduct of its officers pertaining to judicial proceedings before it. Section 4, Title 13, Code 1940; Eidson v. McDaniel, 216 Ala. 610(6), 114 So. 204. This statute is the same as appears in other states. See West v. Field, 181 Ga. 152, 181 S.E. 661, 101 A.L.R. 465. In order to exercise superintendence over inferior tribunals (section 126, Title 13, Code 1940), not its officers or subordinates, it is proper to apply to the circuit court at law to use the procedure of some common-law writ, such as mandamus, certiorari, prohibition, and the like. Section 1072, Title 7, Code 1940; State ex rel. Denson v. Miller, 204 Ala. 232, 85 So. 698.

But to supervise and control the proceedings of its own officers and subordinates, in the line of their official duties, a petition to the court of which he is an officer, setting up the facts is sufficient, when due notice and a full hearing are had. Such was this proceeding to quash the order of the register, and it was not void as being beyond the power of the court thus properly invoked.

The only justification for the use by this Court of a writ of mandamus to review and reverse the judgment of an inferior jurisdiction is that justice demands its immediate review, and an appeal from such judgment is not available or is inadequate. 71 Corpus Juris 1629, section 12, note 54.

When the court vacates a judgment on the ground that it is void, and the effect is not to require further proceedings to be had in that cause, but it disposes finally of the action, an appeal will lie, if the order vacating the judgment is within the jurisdiction and power of the court, although it is a collateral proceeding. Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; Ex parte Phillips, 231 Ala. 364, 165 So. 80. Such is the status of the matter now before us. The judgment was appealable. There was no appeal. Mandamus is not appropriate, and it is denied.

Mandamus denied.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.