65 So.2d 689

## McCOLLUM v. BIRMINGHAM POST CO.

### 6 Div. 379.

Supreme Court of Alabama.

March 13, 1953.

Rehearing Denied May 28, 1953.

Jas. A. McCollum, Tuscaloosa, pro. se.

Leader, Tenenbaum, Perrine & Swedlaw, Birmingham, for appellee.

Wilkinson & Skinner, Birmingham, amicus curiae.

BROWN, Justice.

This appeal is by the plaintiff from a final judgment of the Circuit Court of Jefferson County dismissing the plaintiff's suit,—a common law action for libel against the appellee—filed February 18, 1950. The record shows that the only pleading on file, aside from the plaintiff's complaint consisting of a single count, was a demurrer filed by the defendant, which in legal effect admitted the facts alleged in the complaint and challenged the sufficiency of the facts pleaded to constitute a cause of action.

So far as appears the case had not been entered on the trial calendar or set for trial on the merits or for settlement of the pleadings.

In another proceeding termed, "Motion to Perpetuate Testimony," filed on May 23, 1951, and prosecuted by the defendant under the provisions of Article 10, Chapter 10, Code of 1940, Tit. 7, embracing §§ 491–498 et seq.; Ex parte Cross, 247 Ala. 85, 22 So.2d 378, the defendant sought to perpetuate plaintiff's testimony as a witness as evidence in the pending libel suit. Section 491, Title 7, Code of 1940, was amended by an Act of the Legislature of Alabama approved June 23, 1949, Gen. Acts of Ala.Reg.Sess.1949, p. 149, as follows: "The testimony *of a witness* may be taken conditionally and perpetuated as provided in this article notwithstanding *such witness* may be a party to the suit in fact or in anticipation." [Italics supplied.] The purpose of this amendment was to avoid the holding of this court in Ex parte Brooks, 249 Ala. 606, 32 So.2d 534; Winter v. Elmore, 88 Ala. 555, 7 So. 250, and other cases dealing with the right to perpetuate the testimony of a witness. Notwithstanding the fact that the person proceeded against is a party to a pending suit, as the proceeding relates to him, he is a mere witness.

The application or motion in the last mentioned proceeding as we have shown, is no part of the proceeding in the common law action of libel. It is addressed "to the Honorable Judges of Jefferson County, Alabama," and alleges:

"Comes the defendant in the above styled cause and moves that an order be entered requiring the plaintiff, James A. McCullom, to appear and give testimony as provided by the Code of Alabama of 1940, as amended, and for grounds for said motion, shows unto this Honorable Court the following:

"1. The movant is the party defendant in the above styled cause.

"The testimony of James A. McCollum, whose residence is Tuscaloosa, Alabama, is necessary to the defense of this suit.

"3. That the said James A. McCollum has knowledge of the facts and it is expected generally to prove by said party the incidents which occurred on or about the 14th day of February, 1949, out of which incidents arose the newspaper article that was published and for which this suit has been brought. The same James McCollum has knowledge of the facts concerning a trip made by him to Bessemer, Alabama, on or about the 14th day of February, 1949; the means of transportation used in said trip; where he obtained the automobile; on whose behalf the automobile was obtained; who drove the automobile to Bessemer on said occasion; who were the passengers in the car on said occasion; who made the arrangements for the trip to Bessemer on said occasion, who was present when the automobile was purchased or rented for the purpose of taking said trip; who paid for the cost of the trip; what route was followed from Tuscaloosa to Bessemer; what took place after the arrival in Bessemer; the places that the witness visited in Bessemer; where he first saw Leona Wyatt; what took place at the time he first saw Leona Wyatt; how long Leona Wyatt was in the presence of the witness thereafter; what was said by the witness to Leona Wyatt; what Leona Wyatt said to the witness; who was present at the time the witness was with Leona Wyatt; where the witness went with Leona Wyatt; the details as to how Leona Wyatt got in the car where the witness was; who drove the automobile away from the place where Leona Wyatt got into same; where they went after Leona Wyatt got in the automobile; the details of the trip to Greensboro, Alabama, or or about the 14th day of February, 1949; all conversations which took place between the parties on said trip; what the purpose of taking said trip; who was seen in Greensboro; how long the parties remained in Greensboro; the details of the return trip to Bessemer and the place where he last saw Leona Wyatt on said occasion; James A. McCollum being an attorney, the names of the parties of Leona Wyatt's family whom he represented; on what occasions he represented them; for what purpose he represented them; whether or not he was representing them on the trip made by him on the 14th of February, 1949; for whom he was acting on said trip; whether he was acting at the request of any parties on the date of said trip; the exact time that was consumed in taking said trip and the exact time consumed in each stop made during the day and night; whether the witness, was arrested on the 14th day of February, 1949, or any day subsequent thereto; whether he made bond upon said arrest; what charge was made against him; whether he was indicted by the Grand Jury; whether *habeas* was served upon him after the indictment issued by the Grand Jury; what took place at the trial of said proceeding; all facts and knowledge which James A. McCollum has concerning the truthfulness or untruthfulness of the statements made in the newspaper articles which are the basis of this litigation; the names and addresses of the clients of James A. McCollum prior to the 14th day of February, 1949; the names and addresses of his clients whom he claims ceased to employ him after the publication of said articles; the nature of the business for which each of said clients employed him; the amount of remuneration that he lost thereby and all facts concerning the actual damages claimed in the complaint.

"Wherefore, defendant moves the Court to make and enter an order requiring James A. McCollum to appear at the Circuit Court of the Tenth Judicial Circuit of Alabama,

in Birmingham, at such time and place as may be fixed by this Court, to be orally examined by the defendant, and provide in said order that upon failure of plaintiff to so appear and orally testify at said time, a judgment of dismissal be entered in said cause in favor of the defendant and against the plaintiff."

An attempt was made to verify the facts stated in said motion by Kenneth Perrine, as attorney for defendant in the action at law, who subscribed to the oath before Judge McElroy to the effect that, "the defendant in the above styled cause is a party to this suit *and the above facts stated in the above motion are true to the best of his knowledge and belief.*" [Italics supplied.]

Notwithstanding, the Judge entered the following order:

"Upon consideration of the foregoing petition and affidavit, said petition is hereby granted and Order is hereby made and entered, allowing the examination of James A. McCollum on the 18th day of June, 1951, at the Jefferson County Courthouse in Birmingham, Alabama, at 10:00 o'clock A. M., on said date, and that said examination shall continue until completed before the undersigned Judge of said Circuit.

"It is ordered that notice of time and place of such examination be given James A. McCollum as provided by Section 498, Title 7, Code of Alabama of 1940, as amended." [We note here that the cited section only applies to nonresident witnesses.]

The record shows that the order was served on the witness James A. McCollum by the Sheriff of Tuscaloosa County on the 5th day of June, 1951, through his deputy. Thereupon Judge McElroy entered the following order:

"Order On Motion To Perpetuate Testimony. 6/18/51 On Motion of ptff, the time for the taking of testimony is continued to and set for 11 A. M. on June 25, 1951."

The next step taken, as shown by the record, was the minute entry, showing the judgment of the court:

"Minute Entry. On this the 25th day of June, 1951, came the defendant by its attorneys, and the plaintiff fails to appear to give testimony as ordered by the court, now on motion of defendant. It is ordered and adjudged by the court that this cause be and the same is hereby dismissed from this court on account of such failure by plaintiff and that the plaintiff be taxed with all costs herein accrued for which execution may issue."

■ "The practice of introducing or securing evidence by deposition taken in advance of the trial was unknown to the common law, and the right to do so in actions at law is dependent upon statutory provision therefor, * * *." 16 Am.Jur. p. 700, § 3 et seq.; Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903.

■■ The power to order the examination of witnesses orally in advance of trial is conferred, not on the court, but on the Circuit Judge, Probate Judge and the Register of the Circuit Court and such power is statutory and limited. Code of 1940, Title 7, §§ 491–497. And the statutes conferring such power must be strictly adhered to.

Section 497, Title 7, Code of 1940, provides as follows:

"If a trial be had between the persons described in the affidavit as parties, actual or expectant, or their successors in interest, upon proof of the death or insanity of the witness at the time of such trial, or that he is not within the jurisdiction of the court, the deposition, or a certified copy thereof, may be given in evidence by either party."

The statute requires that the facts made the basis of the proceeding must be stated and verified by oath by the applicant. Code of 1940, Title 7, § 491 et seq.; 2 C.J.S., Affidavits, § 26, pages 982–983. The affidavit before us in this case is not in compliance with the statute.

However, the provisions of the statutes embraced in Article 10, Chapter 10, Title 7, Code of 1940, as amended, are a complete answer to the matters presented on the record. Said statutes provide for the perpetuation of the testimony of a witness, but do not confer any power or jurisdiction on the court so to perpetuate a witness' testimony, or make provision for the punishment of a witness for failing to obey the order of the

judge or register. A different result might have been worked out if the proceeding had been had under Article 8, Chapter 10, Title 7, §§ 483, 486, but such is not the case presented.

On the regular call of the docket on May 13, 1952, this case was submitted on briefs, on the motions and on the merits in this court. One of the motions was by appellant, to strike the appellee's motion to dismiss the appeal, because the motion to dismiss was not transcribed on transcript paper as required by Rules of Practice in Supreme Court, rule 23, Code of 1940, Tit. 7 Appendix; that said motion was not entered on the motion docket as required by Rule 16 of Supreme Court Practice. We have examined these preliminary matters and regard them as without merit. See Richardson v. N. N. & T. J. Powell, 199 Ala. 275, 74 So. 364; Box v. Metropolitan Life Ins. Co., 232 Ala. 1, 168 So. 216.

Likewise the motion to strike the assignments of error as a whole, because the assignments do not conform to Rule 1 of Supreme Court Practice, is without merit. Assignments of error numbered 1, 2 and 4 are in strict compliance with the rule. Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 484, 65 So. 397.

The facts stated above show that there was in no sense a default by the plaintiff in the prosecution of his action for damages for the alleged libel. His case had never been entered on the trial calendar and the only issue presented by the pleadings was the sufficiency of his complaint to state a cause for libel, raised by the defendant's demurrer. It further appears that the witness was being proceeded against by the defendant and was, as expressed in the books, "under compulsion." 14 A.L.R.2d p. 583, Annotation—"Civil Contempt— Punishment."

█ In cases of constructive contempt, due process requires that the witness have notice by rule to appear and show cause why he should not be adjudged guilty of contempt and punished in the manner provided by law. Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Craddock v. Oliver, Probate Judge, 23 Ala.App. 183, 123 So. 87.

█ In Wilkinson v. McCall, 247 Ala. 225, 230, 23 So.2d 577, 581, this court observed: "It is ordinarily true that 'a party in contempt is not entitled to insist upon a hearing or trial of the case out of which the contempt arose until he first purges himself of the contempt.' 12 Am.Jur. 438; Skirven v. Skirven, 154 Md. 267, 140 A. 205, 56 A. L.R. 697; Jacoby v. Goettner, [Goetter] 74 Ala. 427. But Bethea McCall, in asking for authority to make payment for the services of W. H. Sadler is not primarily seeking a hearing for himself, but for W. H. Sadler. Sadler is entitled to be paid for his services by reason of his contract with Bethea McCall made under sanction of the court. Contempt, if any, on the part of McCall cannot deprive Sadler of his rights. * * *" The contumacious act must be committed in the cause in which the court imposes the punishment. 17 C.J.S., Contempt, § 97, p. 139, note 41.

In 14 A.L.R.2d 580 through 593, the subject of Civil Contempt—Punishment, is discussed. On page 587 of such annotation we find the following discussion and citations:

"In Levine v. Moskowitz, 206 App.Div. 194, 200 N.Y.S. 597, where the court below had ordered defendant's answer stricken for his failure to attend and submit to an examination pursuant only to a notice served on his attorney, the court, observing that the penalty presently imposed 'has inherently the same nature as that of a punishment for contempt through disobedience of an order for subpoena' and that 'the same consideration must govern its use,' held that since there was no statutory authority for striking a pleading as a penalty for disobedience of a mere notice served on a party's attorney, the action of the lower court was improper and must be reversed. The court observed: 'The striking out of a party's pleading and the allowance of entry of judgment against him is based upon the presumption that his failure to produce proof ordered to be produced by the court is, pro confesso, an admission of his adversary's right thereto because of lack of merit of his own cause. The courts merely administer the laws; the Legislature enacts them. In no Federal or State decision allowing a party's pleadings to be struck from

the files and the entry of judgment by default to be had upon failure of that party to comply with an order for the production of evidence in such action, is the court's action based upon an inherent power in the court so to act. * * * In every instance such a remedy has been authorized by an express statute. Since our statute contains no provision for the striking out of pleadings for the failure to attend an examination pursuant to a notice, nor authorizes any presumption against the party failing to attend, nor gives the right of entry of judgment upon a failure to produce evidence or testimony required by the notice, the court cannot substitute a penalty which the Legislature has omitted to prescribe.'

"In Cotter v. Osborne (1909) 18 Manitoba L 471, an order of a referee which struck out defenses inuring for the benefit of absent interested parties because of a contempt committed by two defendants and in consequence entered by default a judgment against those absent parties was held erroneous both as to the order and the judgment." 14 A.L.R.2d page 587.

"In Palm Shores, Inc. v. Nobles, 1941, 149 Fla. 103, 5 So.2d 52, where the court entered an order adjudging the plaintiff to be in contempt of court and requiring it to pay into the court a sum of money within a certain time and that upon such failure the cause should stand dismissed, the plaintiff filed a motion to stay the contempt order and allow the plaintiff a hearing, but the court entered an order dismissing the cause for failure of the plaintiff to pay the money adjudged against it, thereby forever barring the door of the courts to the presentation by the plaintiff of his alleged cause of action instead of merely abating the proceeding until the plaintiff should purge itself of the judgment of contempt, it was held that such action denied the plaintiff due process of law and that the judgment in so far as it dismissed the cause with prejudice was reversed. The court said: 'The plaintiff in this cause had submitted itself to the jurisdiction of the court for the determination of its legal rights and under our form of Government it is elementary that he is guaranteed the privilege of having the merits of his cause adjudicated by the proper judicial tribunal. This right may be suspended as a punishment for contempt of court but it would be against our most sacred principles of Government to say that it may be forever barred without an adjudication on the merits.'" 14 A.L.R.2d 582.

In the leading case of Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; 14 A.L.R.2d 589, the majority rule is exemplified, denying the inherent right of courts to punish a defendant in contempt by denying him a hearing. The opposing view, exemplified by Walker v. Walker, 82 N.Y. 260; 14 A.L.R.2d 586, was severely criticized in, and, in effect, overruled by Hovey v. Elliott, supra.

"In Hovey v. Elliott, 1897, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, it was held that a decree pro confesso entered after striking defendant's answer from the files as a punishment for his contempt in refusing to obey an order of the court to pay money into court was void for want of due process of law. The court said: 'Looking at the substance and not the form of the decree in the case * * *, upon which the rights of the plaintiff in error depend, it is plain that the judgment was substantially one without a hearing, for of what efficacy or avail was the summons to appear when the court which issued the summons rendered its judgment upon the theory that the summons was inefficacious, and that the defendant had no right either to appear or to be heard in his defense?'" 14 A.L.R.2d 589.

In § 5—Constitutional limitations on power of court under the annotations "Civil Contempt—Punishment", 14 A.L.R.2d 589, it is observed: "Courts have no inherent power to punish contempt by denying a hearing to the contemner, and striking his pleadings or entering default judgment or dismissal against him, since one of the fundamental conceptions governing a court of justice is condemnation only after a hearing, and an order of this nature denying the contemner a right, as distinguished from a favor, is void for want of due process of law in violation of the Fourteenth Amendment to the Federal Constitution or a com-

parable provision of the applicable state constitution."

█ It was observed by this court in the case of Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971, 979, that:

"Due process requires that the court which assumes to determine the rights of parties shall have jurisdiction to hear and determine. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Twining v. [State of] New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; Scott v. McNeill, [McNeal] 154 U.S. 34, 14. S.Ct. 1108, 38 L.Ed. 896; Owl Ass'n [Old Wayne Mutual Life Ass'n] v. McDonough, 204 U.S. 8, 27 S.Ct. 236, 51 L.Ed. 345; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; Hammond Packing Co. v. [State of] Arkansas, 212 U.S. 343, 351, [322] 29 S. Ct. 370, 53 L.Ed. 530, 15 Ann.Cas. 645. Due process of law includes the right to be heard on the merits. The power to deny a hearing to a person in contempt does not include the power to refuse to such person in contempt the right to defend in the main case on the merits."

Reverting to the statute, its requirement that the applicant must make an affidavit before a circuit judge, probate judge or register of the circuit court that the testimony of the witness is necessary to the defense or prosecution of the applicant's case and stating "the facts generally expected to be proved by the witness," is in substance, if not identical, with the requirement of Rules of Practice in Circuit and Inferior Courts, rule 16, Code 1940, Tit. 7, Appendix, prescribing what must be stated in an application for a continuance because of the absence of a witness. See Code of 1940, Tit. 7, p. 1027. The rule and the statute are coincident and contemporaneous. The rule and its legal effect were applied as early as the case of Montgomery & Wetumpka Plank-Road Co. v. Webb, 27 Ala. 618, and the origin and the history of the statute is collected in Ex parte Brooks, 249 Ala. 606, 32 So.2d 534.

█ The statute does not contemplate that the application to perpetuate testimony should embody a grueling examination of the witness by interrogatories but that it should follow in substance and legal effect the prescription of Rule 16, Rules of Practice in the Circuit and Inferior Courts, as a basis for granting the application. Code of 1940, Tit. 7, Appendix, p. 1027.

Our conclusion and judgment is that the affidavit and statement in said application fail to meet the foregoing requirements and the entire proceeding is without legal efficacy and as a result is void.

Section 13 of the Constitution of 1901 provides, "That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."

█ This section of our constitution secures every citizen against arbitrary action of those in authority and places him (or her) within the protection of the law of the land, State v. Bush, 12 Ala.App. 309, 68 So. 492, even as to reputation. Marion v. Davis, 217 Ala. 16, 114 So. 357, 55 A.L.R. 171.

█ We hold, therefore, that the dismissal of the libel suit on the defendant's motion was a denial to the plaintiff of due process of law, as guaranteed by our Constitution and the 14th Amendment to the Constitution of the United States.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

LAWSON, J., concurs in the result.

On Rehearing.

PER CURIAM.

It is urged that the opinion is confusing as to what is meant by the authority of the circuit judge in respect to the proposal to perpetuate testimony under section 491 et seq., Title 7, Code. But it is clear that such statute does not by its terms confer any power on the court in which a suit is pend-

ing or is proposed. The authority conferred is on the judge of the circuit court or judge of probate or register. The whole procedure is statutory. If the circuit court assumes to act in some respect in that connection, the act of that court would be reviewable and its authority tested by customary methods. Ex parte Cross, 247 Ala. 85, 22 So.2d 378. But when a judge (of probate, for instance) makes an order allowing the examination, it is not an act of any court. His order in that connection is subject to review to such extent and by such methods as are established for that kind of an order. But the proceeding begun by an affidavit, followed by an order of a specified judge, is procedure independent of any suit pending or proposed in any court. The effect of the holding in this case, which is again here approved, is that a refusal to submit to such examination by a party to a suit, who is ordered to do so in order to perpetuate testimony, is not a contumacious act in contempt of the court in which the suit is pending or proposed. And in respect to such procedure there is no authority of law to punish him by a court on which no jurisdiction over that proceeding has been conferred. His suit rightly in court cannot be dismissed by reason of an occurrence in respect to a matter arising in another proceeding not in that court.

All courts have the power to inflict punishment for contempt for the causes specified in section 2, Title 13, Code, which is also limited to those causes. The cause here claimed to exist is not there specified. By section 4(3), Title 13, Code, all courts have been given power "To compel obedience to its judgments, orders and process, and to orders of a judge out of court, in an action or proceeding therein."

That provision has no application here because there was no order made by a judge in an action or proceeding in the Circuit Court of Jefferson County. Therefore, appellant was not in the attitude of disobeying a lawful order made in the progress of a cause lawfully pending in the circuit court. A refusal by appellant, who is plaintiff in a suit in that court, to respond to a proceeding under section 491, Title 7, Code, would no more justify a dismissal of that suit than a judgment by default would be justified against a defendant if he should refuse to comply with such an order.

The opinion also stated that "Our conclusion and judgment is that the affidavit and statement in said application fail to meet the foregoing requirements and the entire proceeding is without legal efficacy and as a result is void."

Counsel take the point that the validity of the proceeding cannot be considered on this appeal; but that a different method must be pursued to that end. True, its validity is not necessary to a proper disposition of this appeal. But the reversal of the judgment on this appeal is not dependent on the validity of the proceeding to perpetuate plaintiff's testimony and the statement in the opinion to that effect was unnecessary. On the other hand, the invalidity of that proceeding would justify a refusal by the plaintiff to submit to it if not otherwise justified. Board of Revenue v. Merrill, 193 Ala. 521, 69 So. 971. That would be another reason why the dismissal of plaintiff's case was erroneous. But we hold that although such proceeding may be a compliance with the statute, a failure of plaintiff to respond to it without more does not justify a dismissal of his suit in which such testimony, if taken, might or might not be available as evidence.

■■■■■■ Appellee takes us to task for considering the validity of the proceeding at all on this appeal. We agree that the only method to attack it directly is by mandamus, since it is not appealable. American Life Ins. Co. v. Powell, Ala.Sup., 65 So.2d 516; Ex parte Cross, supra. But if it is void, its invalidity may be asserted on collateral attack, such as this is, when necessary to a decision of the collateral proceeding. But being unnecessary to a decision of this appeal, that feature of the opinion, supra, should be eliminated without a ruling on that question.

■■■■■■ Appellee again calls attention to its motion to dismiss the appeal, insisting that it was taken on December 27, 1951, from a decree of June 25, 1951, to which the assignments of error relate. If that were true, nothing else appearing to a con-

trary effect, the motion would be well taken. Section 788, Title 7, Code. But the bond and security for costs of appeal were approved on December 22, 1951, within the six month period. The citation was issued and executed on December 27, 1951. The appeal was taken in due time, and it is immaterial that the citation was issued and executed after the time had expired for taking the appeal. Austin v. City of Anniston, 243 Ala. 214, 8 So.2d 410; Parker v. Bedwell, 243 Ala. 221, 8 So.2d 893.

The motion to dismiss the appeal was not well taken.

The opinion should be modified so as to eliminate the statement that the affidavit and statement made in respect to perpetuating the testimony of appellant is void, and as modified the application for rehearing should be overruled.

The foregoing opinion on rehearing was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Opinion modified. Application for rehearing overruled.

All the Justices concur.