MOORE, Chief Justice
(dissenting).
I respectfully dissent because I believe the circuit court has subject-matter jurisdiction to hear a claim that an exclusion in an insurance policy violates State law and this Court’s jurisprudence. Although the complaint initially filed by the City of Vernon (“Vernon”), the original class representative, coincides peripherally with portions of the complaint quoted in Ex parte Cincinnati Insurance Co., 51 So.3d 298 (Ala.2010), overall the complaints differ. Unlike the complaint in Cincinnati, which alleged that the insurer was charging “excessive” rates, 51 So.3d at 309, Vernon’s complaint alleges that AMIC fails to provide coverage for which insureds pay. Allegations that the insurer “overcharges” and “charges more than is necessary” for coverage appeared in the complaint in Cincinnati, 51 So.3d at 309, but not in Vernon’s complaint.
Vernon’s complaint also differs in that it expressly alleges that AMIC’s practice conflicts with the Alabama Uninsured Motorist Act, § 32-7-23, Ala.Code 1975 (“the Act”), and cites two decisions of this Court in support of the proposition that the disputed exclusion is legally void. The complaint asserts as a question common to the class “whether, in the absence of a valid written waiver, the common insurance policy issued by AMIC violates the provisions of the Alabama Uninsured Motorist Statute.”
Because Vernon’s complaint challenges the lawfulness of AMIC’s exclusion, and not merely the excessiveness of its rates, we should look not to Cincinnati, but to a case on-point: Peachtree Casualty Insurance Co. v. Sharpton, 768 So.2d 368 (Ala.2000). In Peachtree, we determined that a claim challenging an exclusion affecting uninsured motorists is not necessarily barred by the filed-rate doctrine when it contravenes the Act, even if the Department of Insurance approved the exclusion. 768 So.2d at 369. We reasoned that the case was not a rate ease and therefore that the filed-rate doctrine was inapplicable. Moreover, “the Department’s approval of the policy language does not by itself suggest that [the insurer] may issue a policy that violates the restrictions in § 32-7-23.” 768 So.2d at 373. I believe that here, as in Peachtree, the filed-rate doctrine does not apply.
The doctrine of exhaustion of administrative remedies also does not bar Vernon’s, now the City of Fairfield’s, claims because the remedies in §§ 27-2-28 and 27-13-71, Ala.Code 1975, are permissive and not mandatory. See Tindle v. State Farm Gen. Ins. Co., 826 So.2d 144, 149 (Ala.Civ.App.2001) (Murdock, J., dissenting) (arguing that the exhaustion-of-remedies doctrine did not apply because the controlling statute, with language virtually identical to § 27-13-71, does not provide an exclusive remedy). Courts remain open to hear a claim that an insurer’s exclusion is void under the Act. See McCollum v. Birmingham Post Co., 259 Ala. 88, 65 So.2d 689, 695 (1953) (holding that one of the purposes of Ala. Const.1901, § 13, providing for open courts, is to place “every *366 citizen ... within the protection of the law of the land”).[5]
Alternatively, I believe an exception to the doctrine of exhaustion of remedies applies here because “the available remedy is inadequate,” Cincinnati, 51 So.3d at 310.[6] The City of Fairfield, the new class representative, seeks damages in the amount of UM/UIM premiums paid during the class period, plus interest. Section 27-2-28 enables parties aggrieved by an act or omission of the commissioner of the Department of Insurance to be heard before the commissioner but does not expressly provide for an adversarial hearing in which the insurer is made a party.' Furthermore, § 27-13-71, which permits a party affected by an insurance rate to apply for a rate reduction, does not permit that party to seek reimbursement by an insurance company of the party’s premiums. Because neither administrative remedy authorizes the commissioner to .grant the relief Fairfield seeks, the available remedies are inadequate, and the exhaustion-of-remedies doctrine does not control.
For these reasons, I respectfully dissent from the decision to dismiss the appeal.

. Even though the parties do not ask this Court to abrogate its application of the exhaustion-of-remedies. doctrine in Cincinnati, I ' note that ' '
”[a]ppellate review doés riot consist of • supine submission to erroneous legal concepts even though none of the parties declaimed the applicable law below. .Our duty is to enunciate the law on the record facts. Neither the parties nor the trial judge, by agreement or passivity; can force us to abdicate our appellate responsibility.'"”
Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 960 (Ala.2004) (quoting Forshey v. Principi, 284 F.3d 1335, 1357 n. 20 (Fed.Cir.2002), quoting in turn Empire Life Ins. Co. of America v. Valdak Corp., 468 F.2d 330, 334 (5th Cir.1972)). See also Ex parte-Baker, 143 So.3d 754, 755 n. 2 (Ala.2013) (Moore, C.J., dissenting) (citing cases in which this Court overruled precedent without an invitation to do so).

. Although not argued by the parties, I also , believe that the present action may fall within another exception to the exhaustion-.of-remedies doctrine where "the question raised is one of interpretation of a statute.” Cincinnati, 51 So.3d at 310.