64 So.2d 52

**Ex parte DUGGAN.**

**6 Div. 463.**

Supreme Court of Alabama.

March 13, 1953.

Frank M. James, Birmingham, for petitioner.

McGowen & McGowen and Geo. I. Case, Jr., Birmingham, for respondent.

PER CURIAM.

This is a petition for mandamus filed originally in this court.

The background of this proceeding need not be related, as it is set out in the case of Ex parte Joiner, Ala.Sup., 64 So.2d 48.

In brief filed on behalf of petitioner in support of her insistence that the peremptory writ should issue, it is said that the legal questions involved are as follows:

"1. Whether or not the amendment to Section 491 of Title 7 of the Code of Alabama of 1940 will now authorize the taking of testimony of an adverse party to a suit either in fact or in anticipation.

"2. If Section 491 of Title 7 of the Code of Alabama of 1940 as amended does authorize the taking of testimony of an adverse party to a suit either in fact or in anticipation, then does it violate Section 5 of the Bill of Rights of the Constitution of Alabama of 1901, guaranteeing to citizens freedom from unreasonable searches and seizures."

■■ In Ex parte Joiner, Ala.Sup., 64 So.2d 48,[1] supra, we held that § 491, Title 7, Code 1940, as amended, does authorize the taking of testimony of an adverse party and that said section, as amended, did not violate § 5 of the Constitution of this state.

We also observed in Ex parte Joiner, supra, that the affidavit filed in connection with the application for the perpetuation of the testimony of Mrs. Helen Joiner and the petitioner here, Mrs. M. E. Duggan, seems to comply with the requirements of § 492, Title 7, Code 1940.

We think our consideration here should be limited to the jurisdictional question and the matters argued by counsel for petitioner.

On authority of our holding in the case of Ex parte Joiner, supra, the peremptory writ of mandamus is denied.

Mandamus denied.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

BROWN, J., dissents, as follows.

BROWN, Justice (dissenting).

The business of the court is to administer justice without sale, denial or delay. Constitution of 1901, § 13. And it is the province of the court to determine from an examination of the record what, if any, question of merit is presented for decision. This right, authority and duty which the constitution places on the court cannot be waived or circumscribed by the parties or their counsel. The matter of determination by the court of what questions are presented for decision affects the court and its procedure and the parties cannot waive or destroy this function by arguing something that is unsound and without merit. Commercial Inv. Trust, Inc., v. East, 217 Ala. 626, 117 So. 160, 161; Missouri State Life Ins. Co. v. Stuckey, 224 Ala. 590, 141 So. 246, 248; Maryland Casualty Co. v. Mayfield, 225 Ala. 449, 143 So. 465; Ex parte Brown, 58 Ala. 536.

This is an original application filed here by Mrs. M. E. Duggan, the complainant in a pending cause in the Circuit Court of Jefferson County, in Equity, for the issuance of the common law writ of mandamus, directed to the Hon. Eugene H. Hawkins, one of the Judges of the Tenth Judicial Circuit of Alabama, commanding and requiring him "to enter an appropriate order to vacate an order made by him on the 10th day of July, 1952, overruling petitioner's motion to strike and quash the application made by the respondents in said cause, seeking to perpetuate the testimony of the petitioner and to vacate said order."

Attached to the petition verified by oath are exhibits of the proceeding in the pending cause leading up to the application to perpetuate the testimony filed under §§ 491–497, Title 7, Code of 1940, as amended by the Acts of 1949, p. 149 and Acts of Alabama 1951, Vol. II, p. 1571. The application was filed with the Clerk of the Supreme Court on July 26, 1952, in vacation, and was presented to the Chief Justice, who ordered the issuance of the alternative writ, returnable to the call of the 2nd Division on Oct. 30, 1952, at 10 o'clock A.M. At that time the matter was passed by order of the court to the call of the 3rd Division. On the call of the docket for the 3rd Division on December 16, 1952, the case was submitted on the sworn petition and exhibits made thereto, the answer of the respondent, the averments of which coincide with the averments of the sworn petition and the exhibits, without challenge of the sufficiency of the application. As a basis for our observations and

1. Post, p. 466.

judgment we state the substance of the averments of the petition and answer which likewise were not controverted.

The pending cause in which the petitioner was complainant was a statutory .bill to quiet title filed under § 1109 et seq., Title 7, Code of 1940, originally against W. H. McGowen, Jr., individually and as Trustee of Guy R. Brightwell and James M. Holt et al. By subsequent appropriate amendment Brightwell, Holt and Helen Joiner, the wife of Brents Joiner, the judgment debtor, were made parties defendant.

McGowen, individually, filed an answer, disclaiming any interest in the property. As trustee he answered the original bill, admitting the alleged age of the complainant, but denied her alleged bona fide residence in Jefferson County and that she had taken up her residence at 2019 So. 13th Ave. in the City of Birmingham. Said defendant also denied that complainant is the owner and in peaceable possession of the property described in the bill.

The two parties brought in by amendment, Brightwell· and Holt, adopted the original answer filed by the defendant Mc-Gowen, as trustee, which made the noted denials and claimed title and ownership through sheriff's sale and deed made under a judgment of the Circuit Court of Jefferson County in an action *ex contractu* on a debt contracted for rent, a certificate of the judgment being registered in the office of the Judge of Probate of Jefferson County, Ala. Joiner v. Brightwell, 253 Ala. 569, 45 So.2d 709.

The bill filed by Mrs. Duggan to quiet title followed strictly the prescription of the statute alleging that the complainant is the owner and in the quiet and peaceful possession of the properties described; that respondent is reputed to claim some right, title or interest or lien or incumbrance in all or some portion of the properties and no suit is pending to test or enforce the validity of such right, title or interest in or lien or incumbrance upon said real estate; and that the respondent has no right, title or interest in nor lien, incumbrance upon the said real estate described above, and calls upon the respondents to set forth and specify the interest under which the same is de-

rived and created. Code of 1940, Title 7, § 1109; Watson v. Baker, 228 Ala. 652, 154 So. 788; Adler v. Sullivan, 115 Ala. 582, 583, 22 So. 87. In such bill proof of peaceable possession meets the burden resting on the complainant. Kendrick v. Colyar, 143 Ala. 597, 42 So. 110, 113; Vaughan v. Palmore, 176 Ala. 72, 57 So. 488.

The respondents, other than Helen Joiner, answered as above stated, but did not make their answer a cross bill. Helen Joiner filed an extensive answer which was made a cross bill in which she alleged as follows:

"She admits she claims an interest in a portion of the properties described in the bill of complaint, towit, a homestead interest in the property known as 2019 South 13th Avenue, Birmingham, Alabama, the legal description of which is more accurately set out in the quitclaim deed instrument attached to this Answer and made a part hereof Marked Exhibit 'A'

"The respondent setting forth her right, title and interest in the said property referred to, as required under paragraph 5 of said bill, saith that she claims a homestead interest in that particular property known as 2019 South 13th Avenue, Birmingham, Alabama, referred to in the bill of complaint, to the extent of Two Thousand Dollars in value; that the value of this particular property, consisting of a lot or parcel of land, and a two-story house thereon, far exceeds the amount of $2,000; but respondent saith as to the other property referred to in the bill of complaint, at 1321 South 20th Street, Birmingham, Alabama, consisting of a lot or parcel of land, with a house thereon, the value of which is several thousand dollars, the said respondent claims no title or interest. Respondent saith that on towit: April 15, 1949, she did sign an instrument in the form of a quitclaim deed in favor of M. E. Duggan, as grantee, joining in the execution of same, covering the two properties above referred to, copy of same as executed on said date is attached hereto and made a part hereof, marked Exhibit 'A'; that she is informed and believes

that one of the subscribing witnesses did at a later date take a general acknowledgement as to the said Helen Joiner's execution; the said Helen Joiner, wife of Brents Joiner, never took any separate acknowledgment as to the said instrument at any time, and separate acknowledgments were required by the law for the conveyances of homesteads at the time said instrument was executed; that she was occupying said property at 2019 South 13th Avenue, as her homestead, and had so occupied it as homestead for more than 25 years prior thereto, her said husband having owned the said property and she and he having continuously lived on said property as their residence, occupying same as homestead during all of said time.

"Respondent saith further that the said instrument she so executed was not a consummated conveyance, at law, by reason of the lack of said separate acknowledgment; she admits that the said instrument as between her and the complainant, M. E. Duggan, may, in Equity, be properly considered and declared a valid contract to convey the property described and referred to therein, subject to the qualification as to such homestead rights as this Honorable Court may determine to yet remain in the said respondent, she also offering to do equity in the determination thereof, heretofore having not actually conveyed the said homestead by reason of the failure of said separate acknowledgment.

"She saith further that the said Mrs. M. E. Duggan is a sister-in-law to said respondent, Helen Joiner; that when the said instrument was executed, there was an agreement between Helen Joiner and the said M. E. Duggan, that said Brents Joiner and said Helen Joiner could continue to reside there at said 2019 South 13th Avenue, and that they (Brents Joiner and Helen Joiner) should have an option to repurchase the said property, particularly the said homestead, by a time in 1951, and that until that time and through the year 1951, Helen Joiner and Brents Joiner should occupy said particular property as tenants under the said M. E. Duggan, as landlord; that said Helen Joiner and Brents Joiner did continue to so reside on said property with consent of said M. E. Duggan, in said relationship of landlord and tenant, until, or about towit: October 20, 1951, with right of repurchase as to said homestead, prior to which time, an order of the law court was rendered against Brents Joiner in a case to which Helen Joiner was not a party, neither was the said M. E. Duggan a party, said order being that particular one rendered in favor of W. H. McGowan, as Trustee for Guy R. Brightwell and James M. Holt against Brents Joiner, which is set out by that particular respondent in this cause in his 'Answer,' as shown of record, and marked therein as his Exhibit A, same being hereby referred to and made a part hereof; the said W. H. McGowan, as said Trustee, having caused the Sheriff of Jefferson County to erroneously levy on the property described in his said answer, as belonging to Brents Joiner, and the Sheriff having erroneously executed a Sheriff's Deed to the said McGowan, Trustee, which was made the basis of said order by said law court which required said Brents Joiner to vacate said property at 2019 – So – 13th Avenue, Birmingham, Alabama, and that the same be delivered to said W. H. McGowan, as said Trustee, by or before noon of October 30, 1951; that by reason of said order, Brents Joiner did so vacate the said property and that Helen Joiner, as his wife, was necessarily forced to vacate and give up possession of the said property, even though same was her homestead; and said M. E. Duggan did then peaceably take possession of same; the enjoyment of her homestead and the assertion of her homestead rights being interfered with by reason of the said erroneous Sheriff's sale to the said McGowan, Trustee, and the said order of said law court."

* * * * * *

After thus answering the bill of complaint, said Helen Joiner in her answer stated that she desired to set forth and make and maintain a cross bill, completing her said cross bill, in part, as follows:

"(a). Said property at the time of said levy and sale and issuance of said Sheriff's deed was owned by the State of Alabama, under tax title, the title to same having been fully in said State, as then shown, more than three years prior thereto, and a right of redemption from said tax title being in said M. E. Duggan by reason of the said quitclaim deed instrument executed to her by the said Brents Joiner and Helen Joiner, which was so executed and delivered to her long before said levy and Sheriff's sale and even before the rendition of the judgment against Brents Joiner, which is referred to by said respondent in the said Answer; and said property could not properly be levied on or so sold as the property of Brents Joiner; and the said judgment against Brents Joiner being based on a debt and not a tort, and the said quitclaim deed being recorded in Probate Office of Jefferson County, Alabama, prior to said Sheriff's sale.

"(b). The said respondents, McGowan, as said Trustee, and Brightwell, and Holt, did openly recognize at said times, that said property was owned by the State of Alabama, and did on, towit, July 1, 1951, openly make a written application to 'purchase' same from State of Alabama, and openly held themselves out before Helen Joiner as a willing 'purchaser' of said property from said State, 'for sixty days thereafter, the said State requiring that sixty days notice first be given to former owner with right to redeem within said time, and toward the end of said sixty days on August 29, 1951, the said M. E. Duggan did redeem from said State tax title, and thus prevented the said respondents (McGowan, Trustee, Brightwell and Holt) from so 'purchasing' the said property from said State, they at no time offering to redeem from said title; and they did on August 13, 1951, without knowledge on the part of Helen Joiner, persuade the said Sheriff's Office to sell the property, as belonging to Brents Joiner, while their said application was still pending to 'purchase' it from the said State, the owner;

and they did so hold themselves out before said Helen Joiner as recognizing that the said property was owned by the said State, and did particularly hold out before her with ample notice that there would be no Sheriff's sales of said property, unless and after same should be redeemed from the State within the said sixty days by Brents Joiner or M. E. Duggan—which redemption was effected on August 29, 1951, by M. E. Duggan, as aforesaid, and Helen Joiner was led to believe in and rely on their said conduct, and had no knowledge that prior to said redemption, and whilst same was still owned by said State, that said respondents would have or allow a Sheriff's sale covering same on August 13, 1951; and the said Helen Joiner was improperly, prevented by the said respondents, the opportunity of claiming her said homestead rights before the said Sheriff's sale, she being led to believe, as aforesaid, that any Sheriff's sale of said property would not be made until after redemption which was effected on August 29, 1951. Said respondent prior to said levy and sale knowing of said quitclaim deed which had no separate acknowledgment.

"(c). The said Helen Joiner, at said time, equitably stood in privy of contract with M. E. Duggan, under and by virtue of the said quitclaim instrument, and also was in the relationship of a tenant under said M. E. Duggan, as landlord; and the said Helen Joiner could only lawfully and properly claim her said homestead rights in a proceeding to which said M. E. Duggan was a party; and the rights of said M. E. Duggan under the said quitclaim deed could be recognized only in Equity, same not being cognizable in any contest or proceeding in the law court by reason of the said failure of the said separate acknowledgment as aforesaid; that M. E. Duggan's rights therein could be determined only as the said quitclaim deed might be declared as a contract to convey by a Court of Equity; that Helen Joiner's said homestead rights were in all respects involved in an equitable determination of the force and effect of the said quitclaim deed which had no separate acknowledgment as aforesaid, and for said reasons, the said Helen Joiner could not claim her homestead rights before the Sheriff's Office,

nor in any contest or proceeding in the law court, but her said homestead rights were cognizable and determinable only in Equity in a proceeding to which said Mrs. M. E. Duggan should be a party.

"(d). The description of the property as to said homestead as set out in the said Sheriff's deed is different from the full and true description, the full and true description being set out in the said quitclaim deed, and the said Sheriff's deed not showing sufficient boundary lines, as to identify it as the said homestead property described in said quitclaim deed, and as otherwise not showing such full and complete description as to make the said Sheriff's sale and said Sheriff's deed lawful; and same should not be recognized as to the said Helen Joiner's homestead."

The order and judgment of the lower court referred to in Helen Joiner's answer, which appears to have been made in response to a notice or rule to show cause why said Brents Joiner should not be punished for contempt, and under which, as alleged in Helen Joiner's answer, he was forced to surrender possession, is in the following words:

"This cause coming on to be heard upon the petition of W. H. McGowen, Jr., as Trustee for Guy R. Brightwell and James M. Holt and upon the rule to show cause issued thereon, the court finds that the petitioner, the said W. H. McGowen, Jr., as said Trustee, is entitled to the relief prayed for.

"It is therefore ordered, adjudged and decreed by the court that the defendant Brents Joiner do surrender to the said W. H. McGowen, Jr., as said trustee, not later than 12 o'clock Noon on October 30, 1951, the possession of the real property described in the petition, namely, that certain lot of land fronting 71.10 feet on the south side of 13th Avenue and extending back 140 feet and beginning 148.64 feet east of 20th Street in block 765 Birmingham (Tax E) in Birmingham, Ala.; the said lot being further identified by the situation thereon of a dwelling house designated as House No. 2019 on 13th Avenue South, in Birmingham, Ala. To this order and judgment of the Court, the defendant excepts.

"The defendant Brents Joiner is now present in Court with his counsel, and the court now hands to the defendant a copy of this order and judgment.

"Done and ordered this 16th day of October, 1951.

/s/ J. Russell McElroy
J. Russell McElroy,
Circuit Judge."

See Bolte v. Schmale, Ala.Sup., 62 So.2d 797.

On November 5, 1951, the respondent McGowen and others filed interrogatories to the complainant Mrs. Duggan as follows:

"Comes the Respondent, W. H. McGowen, Jr., as Trustee for Guy R. Brightwell and James M. Holt, and desiring the testimony of the complainant in this cause, files to complainant the following interrogatories:

"1.   State your full name, age and address.

"2.   State whether or not you presently reside at 2019 South 13th Avenue, in the City of Birmingham, Alabama.

"3.   In the event you answer the next preceding interrogatory in the affirmative, state

"(a) When you first moved to Birmingham, Alabama

"(b) State when you last resided at 2019 South 13th Avenue.

"(c) State the exact date that you moved into the residence at 2019 South 13th Avenue.

"4.   State what property, if any, you moved into such residence.

"5.   State the address at which you resided next preceding your moving to 2019 South 13th Avenue.

"6.   State whether or not at the time you moved into such residence at 2019 South 13th Avenue, Brents Joiner was occupying said property together with his wife, Helen Joiner.

"7.   State whether or not, prior to moving into such residence you had a written lease between yourself and Brents Joiner or his wife, Helen Joiner. If so attach to your answer to these interrogatories, the

original or an exact copy of such lease, marking same as an exhibit.

"8. State whether or not under the terms of such written agreement or oral agreement, if one existed, you were paid any rental or compensation by Brents Joiner or Helen Joiner under such rental agreement. If so set forth the dates and exact amounts received and from whom received of each and every payment made to you or your agent of such occupancy of said premises.

"(a) State whether or not a receipt was issued for such payments by you. If so attach to your answers the original or a copy of each and every receipt issued by you covering such payments.

"9. State whether or not you are claiming to be in possession of and occupying the property situated in Block 765 (Tax G) known as 1321 South 20th Street. If so state

"(a) When you first moved into and took possession of this property.

"(b) State the place you last lived immediately preceding the date you claim to have moved into and took possession of 1321 South 20th Street.

"(c) State in detail each and every item of property owned by you, which is presently located at such address.

"10. State whether or not the property at 1321 South 20th Street is occupied by you or by your tenant. If occupied by a tenant, state the full name and address of each and every tenant occupying said building, together with a description of the portion of such building occupied by each and every tenant.·

"(a) State whether or not, if occupied by tenant, such occupancy is under written or oral lease. If you state that the occupancy is under a written lease, attach to your answers an exact copy of each and every lease under which such tenants hold their right of tenancy. If oral set forth the terms agreed to by you and the tenant and under which the property is presently occupied by such tenant or tenants.

"11. If said property is occupied by tenants state the amounts of the respective rentals paid or agreed to be paid by each and every tenant, and attach hereto as a part of your answers, the date and amount of each and every payment made by such tenants under their occupancy of said property, and state whether or not you received such sum, either (in) person or through an agent. If through an agent state the name and address of the agent acting for and on your behalf and receipting such rent. Attach to your answers an exact copy of each and every receipt issued by you or your agent covering rental paid by the tenant·or tenants occupying the property at 1321 South 20th Street.

"12. State the full name and address of each and every tenant occupying the premises at 1321 South 20th Street, Birmingham, Alabama, together with the date covering the beginning and ending of each and every tenancy or the period·from when you first claimed to have taken possession of such property to the present time.

"13. State whether or not a tenancy held by any tenant has been terminated at 1321 South 20th Street during the time you claim to have owned said property up to the present time. If you state that one or more tenancies have been terminated set forth the date of such termination together with the grounds for which said termination was had. If in writing attach an exact copy to each and every termination notice.

"14. State whether or not you have terminated any alleged tenancy agreements with Brents Joiner on property located at 2019 South 13th Avenue. If so state whether or not the termination was in writing or oral. If in writing, attach to your answers an exact copy of each and every termination notice, stating the dates each such notice was given to Brents Joiner and by whom.

"15. State whether or· not you own or are in possession of any personal property located in premises at 2019 South 13th Avenue. If so, describe in detail each and every item of personal property owned by you and located in said premises at the time of making your answers to these interrogatories.

"16. State whether or not you have purchased from or acquired from Brents Joiner, either directly or indirectly by purchase, gift or otherwise, any personal property now located in the premises 2019 South 13th

Avenue. If so, itemize each and every item of property purchased, together with the date purchased and the amount paid.

"17. State whether or not you claim to own, in your own right, the property located at 2019 North 13th Avenue and 1321 South 20th Street, both in the City of Birmingham, Alabama and described in paragraph three of your original bill of complaint in these proceedings. If you answer this interrogatory in the affirmative state how and by what instrument or instruments you acquired title, attaching to your answers to these interrogatories the original or an exact copy of such instrument, or instruments, marking same as an exhibit to your answers.

"18. State what consideration, if any, you paid to Brents Joiner or his wife, Helen Joiner, for his interest in each piece of real estate.

"19. State whether or not the consideration for the purchase of each piece of real estate was paid in cash, check or otherwise. If paid by check state the name of the bank upon which such check was drawn together with the date and amount of such check, and attach the original or an exact copy of said check to your answers marking same as an exhibit. If the consideration for the property was paid, other than cash or by check, describe in detail each and every item of property transferred by you to Brents Joiner or anyone else as the consideration for your conveyance to the property described in the bill of complaint. If the consideration was paid by you in cash state whether or not you received a receipt in writing for such cash payment. If so, attach the original or an exact copy of said receipt to your answers and mark the same as an exhibit.

"20. If your answer to the next preceding interrogatory covering the payment of the purchase price of said property by stating that you paid the consideration in cash, state whether or not said cash was paid in one lump sum. If not state the dates and amounts of each and every separate payment. If in one sum state the exact date and amount of the lump sum payment.

"(a) If the consideration was paid in cash state the name, address and location of the depository in which you had on deposit such cash. State the exact date the cash was drawn from said depository, stating whether or not such depository issued to you at the time the cash was withdrawn, any evidence of such withdrawal. If so attach the original or a copy of the writing to your answers, marking same as an exhibit.

"(b) In event you state that such sum was not on deposit with any depository, state the exact location, together with the name and address of each and every person, firm or corporation from whom you secured any part of the cash payment made to Brents Joiner, on your purchase as above set forth.

"21. State how and by what instance you acquired title to the property described in your original bill of complaint filed in this cause, from whom acquired and attaching to such answer a copy of or the original of each and every instant under which you claim title to both pieces of real estate described in your bill.

"22. State whether or not you have formerly resided at Route No. 1, Rossville, Georgia. If so, state how long you have lived at this address.

"23. State the name and address of each and every resident residing on land abutting property upon which you resided at Route, (No. 1), Crossville, Georgia.

"24. State when you moved to Route 1, Rossville, Georgia.

"25. State the exact date you moved from Route 1, Rossville, Georgia to Burmingham, Alabama.

"26. State whether or not you are related to Brents Joiner. If so, what relation.

"27. State whether or not you have assessed the real estate for taxation in Jefferson County, Alabama, described in your bill of complaint in these proceedings. If so state each and every year you returned same for taxation.

"28. State whether or not you have paid taxes on the property described in your bill of complaint. If so state each and every year for which you paid taxes, the amount

paid and date and each or every payment and to whom made.

"29. State whether or not you have, at any time, claimed either of said pieces of real property as exempt from taxation by reason of occupancy by you of such property as a homestead. If so state each and every year for which such claim has been made by you.

"McGowen & McGowen
Attorneys For Plaintiff
By—George Case, Jr.

State of Alabama
Jefferson County.

"Before me, the undersigned authority, personally appeared George Case, Jr., one of the attorneys for the plaintiff in the above styled cause, who being first duly sworn, deposes and says that the answers to the above interrogatories will be material evidence in the trial of the cause.

(Signed) George Case, Jr.

Sworn to and subscribed before me this the 5th day of Nov., 1951.

(signed) M. L. Gwaltney, Notary Public."

The complainant after being penalized by the court by an order requiring her to answer the interrogatories by requiring her to pay all the costs of the suit up to the date of the order filed her answers thereto and through her counsel furnished counsel for the defendants with a copy thereof, and although the copy was not verified the original answer filed with the court was duly verified. Said answers are as follows:

"Comes the complainant, Mrs. M. E. Duggan, in the above styled cause and answers the interrogatories heretofore propounded for and on behalf of respondents, according to the numbers of the questions therein set out as follows:

"1. Mrs. Mary Elizabeth Duggan, age over twenty-one years, and address 2019 South 13th Avenue, Birmingham, Alabama.

"2. Yes, same is my residence.

"3. (a) I first moved to Birmingham about 1926 and later moved away. (b) My residence has been at 2019 South 13th Avenue, Birmingham, Alabama, since the latter part of October, 1951.

"(c). The latter part of October 1951.

"4. I took over under a business deal certain household furniture that was already there and moved nothing to speak of into the house since that was not necessary; but I took charge of the house, I had the gas and electricity taken out under contract in my name and have otherwise been in charge and possession of said property; having to go back and visit my sick daughter out of the state a considerable amount of time, but having trespass signs on the property in my name, even in my absence I hold with key and otherwise in possession of the property.

"5. I had been in Birmingham practically all the time all through the summer of 1951 and up to the time I took up residence at the particular address at 2019 South 13th Avenue, but I was staying with kinfolks, and having decided to have my residence in this city, but not definitely located at any particular house until I took up at 2019 South 13th Avenue as aforesaid.

"6. Yes, prior to my taking up residence there in October, 1951, Brents Joiner and Helen Joiner had been residing there.

"7. There was no lease contract in force at the time I took up my residence at said address.

"8. No lease agreement existed at the time I took up my residence there.

"9. I am definitely in possession of the property at 1321 South 20th Street, but I am not occupying same as a homestead. (a) Took possession the latter part of October, 1951. (b) Answered. (c) Only real estate is in issue in this period and all questions of personal property is considered immaterial.

"10. I do not live in the particular house at 1321 South 20th Street, and no one else is occupying it as a residence; however, I am in full possession of it holding with key, have my trespass signs up on the premises, and a certain amount of furniture and household goods are stored there. (a) answered.

"11. As set out before, this property is not occupied or used as a residence by anyone personally, but some amount of furniture and household goods are stored there

and as stated above, I am in all respects in possession of said property, and I am looking after same.

"12. Previously answered.

"13. There has been no tenancy since I took possession of said property the latter part of October, 1951. Balance of question considered immaterial.

"14. There have been no tenancy agreements since I took possession of the property in the latter part of October, 1951. Balance of question considered immaterial.

"15. Yes, I am in possession of such personal property, but it is considered immaterial as to each and every item of such personal property owned by me.

"16. No.

"17. I am in possession rightfully of all personal property at said address, but it is immaterial as to whether I have full title or ownership.

"18. Cash consideration, $8,000.

"19. By cash. I cannot possibly turn over my original receipts and cannot conveniently make an exact copy without incurring expense of a photostat company (copy).

"20. Lump sum. Answer to the balance of this question will state that early in the depression my husband and I, who has since died, definitely decided to have a deposit box at the bank because of the failure of so many banks in which we planned to place our cash, securities, or other things of value. Having started that system, I have continued it and have had a deposit box at bank for many years. Usually I have not kept a substantial bank account, but have made use of my deposit box. I have had such deposit box with the American Trust Bank in Chattanooga, Tennessee, for many years prior to the transaction in question, having originally transferred this deposit box from another bank. The consideration for the said transaction was taken from such deposit box as aforesaid. The number of my deposit box is 2199.

"21. By quitclaim deed from Brents Joiner and Helen Joiner, which is shown of record in the Probate Office of Jefferson County, Alabama, plus the fact that I am in possession of said property, have claimed same as a homestead and have paid the taxes on same covering the total taxes for several years.

"22. My residence was Birmingham, Alabama, before I moved to the particular house above mentioned, but I had not definitely located at any particular house until the latter part of October, 1951, but I had otherwise been residing in Birmingham, with different relatives, for some time before. I have in times past resided in Chattanooga, Tennessee and its suburbs, but as to the residence of Route 1, Rossville, Georgia, I will state that I own some income property in that vicinity which I have never occupied as a residence. I do have a daughter that lives nearby and not far from my own property, which is occupied by tenants, and I have stayed with my daughter in her own residence at Route 1, Rossville, Georgia, a considerable time, but that is her residence and not mine.

"23. Residence is that of daughter and the abutting property owners as to her residence is immaterial.

"24. Visited in my daughter's residence as above set out.

"25. I have resided in Chattanooga, Tennessee or its suburbs before visiting my daughter at Route 1, Rossville, Georgia. I came from my daughter's residence to Birmingham to take up my residence in Birmingham in the summer of 1951.

"26. Yes, I am a sister of his.

"27. Yes, I redeemed property covering taxes for the past previous years, paying a sum of approximately $1400.00 and in addition have assessed the property for the present year.

"28. Answered.

"29. Yes, the property at 2019 South 13th Avenue has been so claimed as a homestead and the adjoining property at 1320 South 20th Street, though not occupied as a homestead, has been and still is definitely in my possession.

(signed) Mrs. M. E. Duggan.'"

The defendant McGowen, individually and as Trustee, and the other defendants, after said interrogatories had been answered and filed, made application to Judge Hawkins to perpetuate the testimony of the complainants Mrs. Duggan and Mrs. Joiner, alleging, among other things, that:

"3. Mrs. M. E. Duggan claims to be the owner and in peaceful possession of property described in the bill of complaint in these proceedings. That Helen Joiner claims to either reside or (be) the caretaker of the property described in these proceedings on behalf of Mrs. M. E. Duggan. That the testimony of Mrs. M. E. Duggan and Mrs. Helen Joiner *is necessary to the defense of this suit by petitioners,* that Helen Joiner and Mrs. M. E. Duggan know all the facts connected with Mrs. Duggan's claim to said real estate and the facts surrounding her claim and under what instrument or title she claims same. [Italics supplied.]

"4. That the facts petitioner generally expects to prove by these witnesses are that Mrs. Helen Joiner has no claim to said real estate under any right, title, lien or encumbrance and at the time Mrs. Duggan went into possession of the property she did not have a valid subsisting claim, lien or title to said real estate. That each of the witnesses' claims are derived from Brents Joiner, and both parties had notice of petitioner's claim to said real estate."

This application was sworn to before Judge Hawkins who thereupon entered the following order:

"* * * that the said M. E. Duggan and Helen Joiner had knowledge of the facts under which M. E. Duggan claims title to the real estate described in the bill of complaint filed in these proceedings and could testify to such facts and that the testimony of both parties was material and necessary to the defense of said cause, and that both parties were over the age of twenty-one years and resided in Birmingham, Jefferson County, Alabama. It is therefore ordered by the undersigned, Judge of the Circuit Court, that the said W. H. McGowen, Jr., as Trustee aforesaid be allowed to examine the said M. E. Duggan

and Helen Joiner in this cause, as such witnesses and that such examination be had before the undersigned Circuit Judge, in the Courthouse at Birmingham, Alabama, at 10:00 A. M. on the 10th day of July, 1952, and that the said M. E. Duggan and Helen Joiner have notice of the application filed in these proceedings, and a copy of this order and a copy of said application and written notice of the time and place set for such examination and that the same be personally served upon M. E. Duggan and Helen Joiner at least ten days before such examination.

"Done this the 19th day of June, 1952.

"(Signed) Eugene H. Hawkins,
Circuit Judge."

Thereupon the complainant Duggan through her solicitor of record, as alleged in the petition, made a motion that said application to perpetuate her testimony be stricken and quashed and that the order of the circuit judge made thereon on June 19, 1952, requiring the perpetuation of said testimony be set aside, vacated and held for naught, stating, among others, the following grounds therefor:

"3. Petitioner further shows to the Court that the respondents filed written interrogatories to your petitioner, M. E. Duggan, in said cause on the 5th day of November 1951, a copy of said interrogatories so filed being attached hereto as Exhibit F, and Complainant having failed to answer said interrogatories within the time required by Chancery Rule 39, respondent filed a motion to require complainant to answer same, which motion was filed on the 9th day of April, 1952, and is set out as Exhibit G herein. Upon the hearing of said motion, the court entered its order, granting to complainant fifteen days in which to answer said interrogatories. Said interrogatories were not answered within the fifteen days, and a motion was filed by respondents, praying for a judgment on behalf of the respondents to be entered, which motion was set for hearing July 10, 1952, said motion being set out as Exhibit H. Complainant, in the meanwhile, forwarded to McGowen & McGowen, the attorneys of record for the respondents, an unsigned copy of the answers to the in-

terrogatories, and filed a properly executed copy thereof in the cause in court on the 21st day of June, 1952. (Written in pen at this point on the record is the following, Exhibit H-1.)

"4. Petitioner further shows to the Court that on the 19th day of June, 1952, respondents through their attorneys of record, filed in the cause an application for supporting affidavit, praying for an order to permit the respondents to take and perpetuate the testimony of M. E. Duggan, the Complainant, as an adversary party under Title 7, Sections 491–505 of the Code of Alabama of 1940, a copy of said affidavit and application being attached hereto as Exhibit I. On the same date, the Honorable Eugene H. Hawkins, as Judge, made an order directing that the testimony of M. E. Duggan, the complainant, be perpetuated and set July 10, 1952, at 10:00 A.M. before him, in his chambers at the Court House in Jefferson County, Alabama, as time and place of taking of the testimony, a copy of said order being attached hereto as Exhibit J. On July 10, 1952, complainant, M. E. Duggan, filed a motion to strike and quash the application and affidavit made by respondent to perpetuate her testimony and further moving that the order of the Court made on June 19, 1952, be set aside, which motion was in words and figures as follows: (Here follows the motion)."

This motion and application to set aside and vacate the order requiring Mrs. Duggan, the complainant to appear and submit to an examination, were denied, as shown by the petition and exhibits thereto.

There seems to be some misunderstanding on the part of the bar and some of the judges of the courts on whom Chapter 10, Article 10, Title 7, § 491 et seq., Code of 1940, confer power to grant applications to perpetuate the testimony of witnesses. The authority is conferred by § 492 of said article which provides:

"The applicant must make affidavit before a circuit or probate judge, or register stating: That he is a party or expects to be a party, to a suit, either at law or equity, in a court of this state. That the testimony of a witness, whose name and place of residence is stated, is necessary to the prosecution or defense of such suit, and the facts generally expected to be proved by the witness. * * *"

Section 493 provides: "Such judge or register must thereupon make an order allowing the examination of the witness, and, if the adverse party, or the party expected to be adverse to the application, resides in this state, a copy of such application, and notice of the time and place of such examination, must be given him, at least ten days before such examination."

Section 495 provides: "Upon the application being returned executed by the sheriff, or proof of publication, as the case may be, such judge or register, or commissioner appointed by the judge, must take the deposition of the witness at the time and place appointed; and the examination, if necessary, may continue from day to day until completed. (1951, No. 922, appvd. Sept. 12, 1951.)" Code of 1940, Title 7, § 495, Pocket Part.

Under the provisions of § 497 this deposition cannot be offered in evidence unless the witness has died or is insane at the time of the trial and is not within the jurisdiction of the court. The power thus conferred is statutory and limited and the provisions of the statute must be strictly complied with. Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903.

The ground upon which the application seeks to perpetuate the testimony, as stated in the application, is that the testimony of Mrs. Duggan and Mrs. Helen Joiner is necessary to the defense of this suit by the petitioner. That Helen Joiner and Mrs. Duggan know the facts connected with Mrs. Duggan's claim to the said real estate and the facts surrounding her claim and under what instrument or title she claims the same. The scope of the examination, as stated in the application, is that the petitioner generally expects to prove by these two witnesses that Mrs. *Helen Joiner has no claim to said real estate under any right, title, lien or encumbrance and that at the time Mrs. Duggan went into possession of the property she did not have a valid, sub-*

*sisting claim, lien or title to the real estate.* That each of the witnesses' claims are derived from Brents Joiner and that both parties had notice of the petitioner's claim to said real estate.

The scope of this inquiry was embraced in the answers to the interrogatories filed by the complainant Mrs. Duggan and the answer of the respondent Mrs. Joiner, showing that Mrs. Duggan went into possession under a quitclaim deed executed by Joiner and his wife and that Mrs. Duggan acquired the right, title and interest of the State of Alabama, which it had acquired through purchase at tax sale. That the quitclaim deed made by Joiner and wife to Mrs. Duggan was duly recorded at the time in the office of the Probate Judge of Jefferson County, Alabama, of which the defendants had notice, at least constructive.

On the facts stated in the answer and cross bill Helen Joiner is asserting her claim under the doctrine of Kennedy v. First Nat. Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308, decided by this court in 1894, which established a rule of property and that decision has not been disturbed or altered since the rendition of the decision, but in fact reaffirmed many times since, including the case of Fletcher v. First Nat. Bank of Opelika, 244 Ala. 98, 106, 11 So.2d 854. The same principles of law go to support the claim of Mrs. Duggan.

The statement embodied in "the scope of the examination" above italicized, is not a statement of fact required by § 492, Title 7, Code of 1940. It is a statement of mixed questions of law and fact, a mere negative conclusion to which no court would allow a witness to testify. Its efficacy is a question for the court to determine. Hence said statement does not meet the requirement of the statute, providing for proceedings to perpetuate testimony, which renders the proceedings void. McCollum v. Birmingham Post, Ala.Sup., 65 So.2d 689, American Life Ins. Co. v. Powell (Ex Parte American Life Ins. Co.), Ala. Sup., 65 So.2d 516. Moreover, the defendant purposes to originate testimony to be used in a pending cause in equity out of which this proceeding arises,—a bill to quiet title filed by Mrs. Duggan. Under the statute authorizing the proceedings, if she proves the allegations of her bill that she is in peaceable possession, she makes out a prima facie case. The statute in these proceedings requires the defendant to aver and set forth his title as trustee and prove the allegations of his answer. The question of what title the complainant has in that case is foreign to the issue. The defendant cannot rely upon a disputation of her title, but must prove his own. The difficult situation of a nisi prius judge to whom such application is made, under the interpretation of Article 10, Chapter 10, Title 7, Code of 1940, is that such an interpretation makes him an automaton or tool in the hands of the petitioner who is willing to make the affidavit and the judge is not permitted to determine the question of materiality or relevancy of such testimony or point out in any way its defects. In no event could such testimony be used in aid of the defendant's answer in the pending cause. The complainant has not only answered giving full information in her answers to the interrogatories, but the statement in the scope of the evidence is wholly insufficient to warrant a judge to grant an order to perpetuate her testimony.

The uncontroverted facts stated in the petition and confirmed in the answer disprove the allegations of the petition to perpetuate the testimony. The answers to the interrogatories cover the entire scope of the proposed testimony. The writer is, therefore, of the opinion that the complainant, as a witness, should not be vexed and harassed by further grueling examination to perpetuate her testimony and that the learned trial judge erred in not vacating his order authorizing the perpetuation of the testimony and that mandamus should issue.

Therefore, I respectfully dissent.