466

64 So.2d 48

**Ex parte JOINER.**

**6 Div. 462.**

Supreme Court of Alabama.

March 13, 1953.

Jas. H. Bradford, Birmingham, for petitioner.

McGowen & McGowen and Geo. I. Case, Jr., Birmingham, for respondent.

LAWSON, Justice.

This is a petition for mandamus filed originally in this court.

Mrs. M. E. Duggan on October 31, 1951, filed in the circuit court of Jefferson County, in equity, her statutory bill to quiet title to certain real property situate in that county. Respondents to the bill were W. H. McGowen, Jr., individually, and W. H. McGowen, Jr., as trustee of Guy R. Brightwell and James M. Holt. On November 5, 1951, W. H. McGowen, Jr., disclaimed any interest individually in the suit property and on the same day he answered the bill as trustee of Brightwell and Holt.

Also on November 5, 1951, W. H. McGowen, Jr., as trustee, propounded interrogatories to Mrs. Duggan. Such interrogatories not being answered within the time provided by statute, motion was duly made to require answers. On April 11, 1952, a decree was entered requiring Mrs. Duggan to answer the interrogatories within fifteen days.

Complainant, Mrs. Duggan, on May 16, 1952, amended her bill so as to make Brightwell, Holt, and Mrs. Helen Joiner parties respondent.

On June 19, 1952, W. H. McGowen, Jr., as trustee, made application to "the Honorable Eugene H. Hawkins, judge of said court," to perpetuate the testimony of the complainant, Mrs. Duggan, and of Mrs. Helen Joiner, one of the respondents. Upon such application being presented to Judge Hawkins, he made and entered an order for the appearance of Mrs. Duggan and Mrs. Joiner before him on July 10, 1952, for examination.

On the following day, June 20, 1952, W. H. McGowen, Jr., as trustee, moved for judgment on his answer because of the failure of the complainant, Mrs. Duggan, to answer interrogatories within fifteen days from April 11, 1952, as decreed. This motion was set for hearing on July 10, 1952, the same day previously set for the examination of Mrs. Duggan and Mrs. Joiner before Judge Hawkins.

On or about June 21, 1952, Mrs. Duggan filed her answers to the interrogatories.

An order was made and entered on July 10, 1952, taxing Mrs. Duggan with costs accrued up to and including July 10, 1952, because of her delay in filing answers to the interrogatories.

As shown above, July 10, 1952, was the day set for the examination of Mrs. Duggan and Mrs. Joiner before Judge Hawkins. On that day Mrs. Duggan and Mrs. Joiner filed their separate motions "to strike and quash the application and affidavit" made by W. H. McGowen, Jr., as trustee, to perpetuate their testimony, and to set aside the order made and entered by Judge Hawkins on June 19, 1952, for them to appear before him for examination on July 10, 1952.

The following "decree on motions" was entered on July 10, 1952:

"This Cause coming on to be heard is submitted for decree on separate and several motions of Mrs. M. E. Duggan and Helen Joiner to strike the application of W. H. McGowen, Jr., as Trustee, Etc., to perpetuate testimony of said movants and to vacate and set aside the order for the taking of said testimony; and upon consideration thereof, the Court is of the opinion that the said motions are not well taken; it is therefore,

"Ordered, adjudged and decreed by the Court as follows:

"1. That the separate and several motions of Mrs. M. E. Duggan and Helen Joiner to strike the application of W. H. McGowen, Jr., as Trustee, Etc., to perpetuate testimony of the said movants and to vacate and set aside the order for the taking of said testimony be and the same are hereby, separately and severally overruled;

"2. That the said Mrs. M. E. Duggan and Helen Joiner are ordered to appear for such examination before the undersigned or a commissioner to be designated by him, at ten o'clock a. m. on July 28, 1952.

"Done and ordered this, the 10th day of July, 1952.

(Signed) Eugene H. Hawkins

Circuit Judge, in Equity Sitting"

Mrs. Helen Joiner, on July 23, 1952, filed her answer, which she made a cross bill. She made the complainant, Mrs. M. E. Duggan, and W. H. McGowan, Jr., as trustee of Brightwell and Holt, and Brightwell and Holt in their individual capacities, respondents to her cross bill.

On July 26, 1952, Mrs. Duggan and Mrs. Joiner filed in the office of the clerk of this court their separate petitions praying that this court "grant a rule nisi or an alternative writ of mandamus directed to the said Eugene H. Hawkins, Judge of the circuit court, Tenth Judicial Circuit of Alabama in Equity, returnable to the Supreme Court of the State of Alabama, or-

dering and commanding the said Eugene H. Hawkins, as Judge of said Court, to appear before this Honorable Court on a day certain and then and there show cause why he should not, in his capacity as such Circuit Judge of the Tenth Judicial Circuit. of Alabama in Equity, enter an appropriate order setting aside and annulling the order entered in the cause on the 10th day of July, 1952, overruling complainant's motion to strike and quash the application and affidavit made in support thereof, seeking to perpetuate the testimony of Helen Joiner [M. E. Duggan] and set aside the order entered directing that the testimony of Helen Joiner [M. E. Duggan], be taken and perpetuated, and petitioner respectfully prays for any other and further relief, and for such other and further orders and judgments to which she may be entitled under the facts above alleged."

These petitions having been filed here on July 26, 1952, the examination of Mrs. Joiner and Mrs. Duggan set for July 28, 1952, before Judge Hawkins was not held.

The petitions were presented to several of the Justices of this court, in vacation, and on July 29, 1952, the Chief Justice ordered the issuance of the alternative writs returnable to the call of the Second Division on October 30, 1952. The alternative writs were duly issued and further proceedings incident to the perpetuation of the testimony of Mrs. Joiner and Mrs. Duggan were stayed pending the hearing of the mandamus proceedings in this court.

After the issuance of the alternative writ or rule nisi and on September 8, 1952, Mrs. Duggan paid the costs accrued up to July 10, 1952, as had been theretofore ordered.

On September 29, 1952, the respondents to the original bill other than Mrs. Joiner, who had previously filed her answer, answered the original bill as amended.

At the call of the Second Division on October 30, 1952, the mandamus proceedings were passed until the call of the Third Division. On the call of the docket for the Third Division on December 16, 1952, the two cases were separately submitted on the sworn petitions and exhibits thereto, and the returns of the respondent judge. The averments of the returns which are not controverted coincide to a large degree with the averments of the petitions and exhibits thereto and set forth substantially the facts as heretofore related.

The provisions for the perpetuation of testimony of witnesses are set out in the Code of 1940 as §§ 491–505, Title 7. Many of those sections contain the same language as did their progenitors as far back as the Code of 1852. In 1889 in the case of Winter v. Elmore, 88 Ala. 555, 7 So. 250, this court held that the statutory provisions contained in the Code of 1886 authorizing and regulating proceedings to perpetuate the testimony of witnesses did not authorize the perpetuation of the testimony of parties. In Ex parte Cross, 247 Ala. 85, 22 So.2d 378, decided in 1945, we referred to the aforementioned rule announced in Winter v. Elmore, supra, and among other things held, in effect, that such rule had no application where the proceedings were instituted to perpetuate the testimony of one not named as a party in the application for the perpetuation of testimony. In October, 1947, we decided the case of Ex parte Brooks, 249 Ala. 606, 32 So.2d 534, wherein we applied the holding in Winter v. Elmore, supra. In so far as our research discloses, the cases just mentioned are the only ones which reached this court prior to the effective date of Act 123, approved June 23, 1949, General and Local Acts, Regular Session, 1949, p. 149, wherein the statutory provisions for perpetuating testimony were directly involved. Such statutes had been cited in other cases, but they were not directly involved. See West v. Cowan, 189 Ala. 138, 66 So. 816; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Goltsman v. American Life Ins. Co., 248 Ala. 151, 26 So.2d 596.

The 1949 act, supra, amended § 491, Title 7, Code 1940, to read as follows: "The testimony of a witness may be taken conditionally and perpetuated as provided in this article *notwithstanding such witness may be a party to the suit in fact or in anticipation.*" (Emphasis supplied.)

The language italicized above was added. to § 491, Title 7, Code 1940, and that is the only change wrought by the amendment.

Our case of Ex parte Monroe County Bank, 254 Ala. 515, 49 So.2d 161, 23 A.L.R. 2d 856, decided November 30, 1950, did not deal with the effect of the 1949 amendment, as we were not concerned on that appeal with the right to perpetuate the testimony of an adverse party.

Sections 495 and 496, Title 7, Code 1940, were amended by an act approved September 12, 1951, Acts of Alabama 1951, Vol. II, p. 1571, so as to permit a judge to appoint a commissioner to take the deposition of "the witness" whose testimony is to be perpetuated. But that addition is not material here.

During a period of almost one hundred years, as we have heretofore shown, most of the provisions codified as §§ 491–505, Title 7, Code 1940, were part of the statutory law of this state and were resorted to so infrequently that only three cases, according to our research, reached this court wherein they were directly involved. Consequently, there is very little decisional law on the subject.

Counsel for petitioner asserts that the peremptory writ should issue for the following reasons: (1) Petitioner is an adverse party and § 491, Title 7, Code 1940, as amended, does not include an adverse party; (2) if said section, as amended, is held to include an adverse party, it is unconstitutional to that extent because it violates the Fourth Amendment to the Constitution of the United States and § 5 of the Constitution of Alabama; (3) petitioner's physical condition was such that she was unable to submit to the examination. We will consider these questions in the order set out above.

We will limit our consideration here to the questions argued in brief of counsel for petitioner, except for the observation that the affidavit filed by McGowen, as trustee, seems to comply with the requirements of § 492, Title 7, Code of 1940. It is not contended otherwise.

At the time the order here sought to be vacated was entered, petitioner was not an adverse party to the movant, although she had previously made it known to Judge Hawkins that her interests were adverse to those of movant and had indicated that within the time remaining for her to plead she would make movant a party respondent to a cross bill. She did this after the alternative writ was issued. However, for the purpose of our consideration here, we will treat petitioner as being a party adverse to movant, W. H. McGowen, Jr., as trustee, etc.

■ The language of § 491, Title 7, Code 1940, as amended, is plain and unambiguous. In such a case the legislature should be understood to have meant what it plainly expressed, leaving no room for construction. State v. Praetorians, 226 Ala. 259, 146 So. 411. There is nothing in the language used in the amendatory act which in any wise indicates a legislative intent to exclude an adverse party from its influence. Nor do the decisions of this court construing § 491, Title 7, Code 1940, prior to the 1949 amendment, lend support to the argument that such was the legislative intent. The holding in Winter v. Elmore, supra, cited approvingly in Ex parte Cross, supra, and followed in Ex parte Brooks, supra, was not based on the idea that the legislature was without power or authority to authorize the perpetuation of the testimony of an adverse party, but on the theory that the lawmakers could not have intended for the statutory provisions relating to the perpetuation of the testimony of a witness to apply to "parties" because at the time such provisions became a part of our statutory law "parties" were excluded both by the letter and spirit of the then existing law. We hold, therefore, that § 491, Title 7, Code 1940, as amended, was intended to authorize the perpetuation of the testimony of any party, whether adverse or not to the party filing the application.

The Fourth Amendment to the federal Constitution reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Section 5 of the Bill of Rights, incorporated in the Constitution of this state, reads:

"That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation."

In Tranum v. Stringer, 216 Ala. 522, 524, 113 So. 541, 542, after quoting the constitutional provisions which we have just quoted, Mr. Justice Bouldin, writing for the court, said: "Clearly enough these provisions of the federal and state Constitutions are in substance the same, and have a common purpose. The federal amendment may be regarded historically as the parent of the like provision in the state Constitution." In view of the similarity of § 5 of our Constitution and the Fourth Amendment to the federal Constitution, it is only necessary for us to consider the question as to whether or not the statutory provisions of this state which permit the perpetuation of testimony of a party are violative of the constitutional guaranty against unreasonable search and seizure contained in § 5 of the Constitution of this state. There is no reason to discuss here the question as to whether the Fourth Amendment to the federal Constitution is enforceable against the states. See Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782; Steffanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138.

No case is cited by counsel for petitioner in support of the assertion that by virtue of § 5 of the Constitution of Alabama, the legislature of this state is without power to authorize the perpetuation of the testimony of an adverse party. We have found no case, either federal or state, which even approaches such a holding. On the contrary, it has been said that such constitutional inhibitions have no reference to orderly and regularly prescribed proceedings for obtaining testimony in a civil case. Southern Pacific Co. v. Superior Court, 15 Cal.2d 206, 100 P.2d 302, 130

A.L.R. 323; Union Trust Co. of San Diego v. Superior Court, 11 Cal.2d 449, 81 P.2d 150, 118 A.L.R. 259; State ex rel. Smith v. District Court, 112 Mont. 506, 118 P.2d 141.

Long prior to the effective date of the 1949 amendment, legislation was enacted making parties competent to testify and upon the trial either may call upon the other to testify, in most instances, to all matters, relating to the controversy.

■ The statutory provisions here under attack prescribe an orderly and regular procedure whereby testimony may be taken before trial so that it may be perpetuated. The form of the application for the taking of the testimony is prescribed. § 492, Title 7, Code 1940. Examination is to be held only on order and after notice to the adverse party. §§ 493, 494, Title 7, supra. The manner of conducting the examination and perfecting the deposition is spelled out. §§ 495, 496, Title 7, Code 1940, as amended. We are clear to the conclusion that the statutory provisions here involved do not authorize an unreasonable search and seizure and are not violative of the constitutional guaranty against unreasonable search and seizure.

■ There is no merit in the contention that the peremptory writ should issue because of the failure of the respondent judge to excuse petitioner from the ordered examination because of her alleged physical infirmities. This was a matter which addressed itself to the discretion of the respondent.

The peremptory writ of mandamus is denied.

Mandamus denied.

LIVINGSTON, C. J., and SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

BROWN, J., dissents.

BROWN, Justice (dissenting).

I concur in the opinion in so far as it holds that § 491, Title 7, Code 1940, as amended, applies to an adverse party as a

witness and is not violative of § 5 of the Constitution of 1901.

However, I am of the opinion that the peremptory writ of mandamus should issue for the reason that the affidavit filed in support of the application to perpetuate testimony was insufficient to confer upon Judge Hawkins jurisdiction to issue the order to perpetuate the testimony of petitioner. My views are expressed in my dissenting opinion in Ex parte Duggan, ante, p. 453, 64 So.2d 52.